176 S.W.3d 677 (2005)
In the Matter of J.H., a Juvenile.
No. 05-05-00073-CV.
Court of Appeals of Texas, Dallas.
November 14, 2005.
*678 Dennis R. Croman, Law Office of Dennis R. Groman, Inc., Irving, for Appellant.
William T. (Bill) Hill, Jr., District Atty., Gina Savage, Asst. District Atty., Larissa Roeder, Assistant Criminal District Atty., for Appellee.
Before Justices MORRIS, BRIDGES, and FRANCIS.

OPINION
Opinion by Justice MORRIS.
In this case, J.H. appeals the trial court's order transferring determinate sentence probation to an appropriate criminal district court. In four issues, J.H. contends the trial court erred in transferring his probation because: (1) the State's motion did not cite adequate grounds to give the trial court discretion to transfer J.H.'s probation; (2) the trial court erred in signing a nunc pro tunc order without notice or hearing; (3) the trial court erred by not filing additional findings of fact and conclusions of law after a timely request to do so; and (4) section 56.01 of the Texas Family Code is unconstitutional. We conclude the trial court's order is not appealable and appellant's argument that section 56.01 is unconstitutional is without merit.
On October 17, 2001, when J.H. was fifteen years of age, the trial court adjudicated J.H. a child engaged in delinquent conduct for committing aggravated sexual assault of a child. The trial court committed J.H. to the Texas Youth Commission for ten years, probated for ten years.[1] J.H. was placed in his mother's custody. On August 13, 2004, the trial court granted the State's motion to transfer determinate sentence probation to a criminal court and ordered J.H.'s probation transferred to the 283rd Judicial District Court, effective September 16, 2004, J.H.'s eighteenth birthday.
J.H. argues the trial court abused its discretion in ordering his probation transferred. The State responds that the trial court's order is not appealable. We agree with the State.
*679 Section 56.01 of the Texas Family Code sets out a child's right to appeal a juvenile court's orders and describes which of those orders are appealable. Subsection (c) provides an appeal may be taken:
(1) except as provided by Subsection (n)[2], by or on behalf of a child from an order entered under:
(A) Section 54.03 with regard to delinquent conduct or conduct indicating a need for supervision;
(B) Section 54.04 disposing of a case;
(C) Section 54.05 respecting modification of a previous juvenile court disposition; or
(D) Chapter 55 by a juvenile court committing a child to a facility for the mentally ill or mentally retarded; or
(2) by a person from an order entered under Section 54.11(i)(2) transferring the person to the custody of the institutional division of the Texas Department of Criminal Justice.
Id. § 56.01(c) (Vernon 2003).
An order entered under Section 54.051 to transfer a determinate sentence probation to an appropriate district court is not one of the orders enumerated in the statute. Therefore, applying the plain language of subsection (c), we conclude the trial court's order transferring determinate sentence probation to an appropriate criminal district court is not an appealable order. Id.
Appellant also argues that if we determine section 56.01 precludes an appeal of the order, as we have done, then the section is unconstitutional because it violates the due process and equal protection clauses of the United States and Texas Constitutions. See U.S. CONST. AMEND. XIV; TEX. CONST. ART. I, § 19. Specifically, appellant contends section 56.01 allows some juveniles to appeal while denying other juveniles the same appeal rights and, therefore, discriminates against certain juveniles simply because of the type of hearing held by a juvenile court. The State responds that section 56.01 is not unconstitutional either on its face or as applied to appellant.
The Texas and United States Constitutions do not provide for a right of appeal. See Phynes v. State, 828 S.W.2d 1, 2 (Tex.Crim.App.1992); see also In re Jenevein, 158 S.W.3d 116, 119 (Tex. Spec.Ct.Rev.2003) (right to appeal not of constitutional magnitude). The right to appeal is regulated by the legislature, and the legislature "may deny the right to appeal entirely, the right to appeal only some things, or the right to appeal all things only under some circumstances." See In re Jenevein, 158 S.W.3d at 119. Thus, when a legislative enactment says a juvenile may appeal orders delineated in the statute, there is no right to appeal orders not so included. See id. Further, because appellant is treated the same as all similarly situated juveniles whose determinate sentence probation is transferred to a criminal district court, his argument fails. See Sonnier v. State, 913 S.W.2d 511, 520-21 (Tex.Crim.App.1995). Accordingly, we reject appellant's claim that section 56.01 is unconstitutional.
We dismiss the appeal for want of jurisdiction.
NOTES
[1] The grand jury approved the State's petition regarding a child engaged in delinquent conduct and found there was probable cause to believe that appellant engaged in delinquent conduct by committing the offense of aggravated sexual assault of a child. The grand jury certified the petition to the juvenile court.
[2] Subsection (n) deals with plea or stipulation of evidence agreements between the State and the child regarding the disposition of the case.