*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-07-00658-CV

In the Matter of **M.A.O**., a Child,

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-JUV-02071
Honorable Carmen Kelsey, Judge Presiding

Opinion by:  Karen Angelini, Justice

Sitting:  Karen Angelini, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  December 10, 2008

AFFIRMED IN PART, DISMISSED FOR LACK OF JURISDICTION IN PART

M.A.O., a juvenile, appeals from orders adjudicating him to have engaged in delinquent conduct by committing two drug possession offenses and transferring his case to Harris County for disposition. As to the adjudication order, we affirm. As to the transfer order, we dismiss for lack of jurisdiction.

## A. FACTUAL AND PROCEDURAL BACKGROUND

Shortly after 11:00 p.m. on Tuesday, June 19, 2007, fifteen-year-old M.A.O. and another individual were walking on the street in a residential area in San Antonio. At the time, San Antonio police officer Ernest Stevens and another officer were patrolling the area, which had a reputation for

gang activity and violence. Because the individuals appeared to be minors, Stevens decided to find out if they were violating the city's curfew ordinance. The ordinance made it unlawful for minors to be on the streets without an adult after 10:30 p.m. on a weeknight. The officer accompanying Stevens parked the patrol car about fifteen feet behind the two individuals, but he did not turn on the emergency lights. Stevens got out of the car, called to the individuals, and motioned for them to come over to him.

The individuals walked over to Stevens, who asked for their names and ages. Stevens learned the two individuals were minors and lived nearby. Stevens did not handcuff M.A.O. and the other minor, nor did he place them in the back of the patrol car. Stevens did ask, "Do you guys have anything on you that you are not suppose[d] to have?" In response, M.A.O. stated, "I have some pills in my pocket that I found." Stevens then searched M.A.O.'s front pocket and retrieved nine pills. The pills were not in a container. With the assistance of the poison control center, Stevens identified some of the pills and confirmed they contained drugs that were unlawful to possess without a prescription. Stevens then formally arrested M.A.O.

Thereafter, the State filed an original petition alleging M.A.O. engaged in delinquent conduct by possessing carisoprodol, a dangerous drug, and less than 28 grams of hydrocodone, a controlled substance. The acts alleged in the State's petition were misdemeanor offenses punishable by confinement in jail. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.117 (Vernon 2003), § 483.041 (Vernon Supp. 2008).

M.A.O. filed a motion to suppress his oral statement and the pills retrieved from his pocket. This motion was denied by the trial court.

The matter was tried to a jury, which found M.A.O. had engaged in delinquent conduct as alleged in the State's petition. Based on the jury's findings, the juvenile court entered an adjudication order and found a need for disposition, but did not proceed to disposition. Instead, after noting M.A.O. had previously been adjudicated of delinquent conduct in Harris County and had already been placed on probation in that county, the juvenile court transferred M.A.O.'s case to Harris County for disposition. M.A.O. then perfected this appeal.

On appeal, M.A.O. raises three issues. In his first and second issues, M.A.O. argues the trial court abused its discretion by denying his motion to suppress. In his third issue, M.A.O. argues the trial court abused its discretion by transferring his case to Harris County for disposition.

### B. MOTION TO SUPPRESS

A ruling on a motion to suppress in a juvenile case is reviewed using the same standard that applies to such motions in adult criminal cases. *See In re R.J.H.*, 79 S.W.3d 1, 6 (Tex. 2002); *Martinez v. State*, 131 S.W.3d 22, 31 (Tex. App.—San Antonio 2003, no pet.). In an adult criminal case, a trial court's denial of a motion to suppress is reviewed for an abuse of discretion. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). In conducting this review, we give almost total deference to the trial court's determination of historical facts while reviewing the court's application of the law de novo. *Id.*; *Hernandez v. State*, 107 S.W.3d 41, 46-47 (Tex. App.—San Antonio 2003, pet. ref'd).

We are obligated to uphold the trial court's ruling if it was supported by the record and was correct under any theory of law applicable to the case, even if the trial court gave the wrong reason for its ruling. *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003); *State v. Ross*, 32

S.W.3d 853, 855-56 (Tex. Crim. App. 2000). We must determine if the trial court could have reasonably denied the motion to suppress in light of the evidence presented and the applicable law. *Armendariz*, 123 S.W.3d at 404.

A motion to suppress is nothing more than a specialized objection to the admissibility of evidence. *Galitz v. State*, 617 S.W.2d 949, 952 n.10 (Tex. Crim. App. 1981). To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. TEX. R. APP. P. 33.1(a). A juvenile's appellate contention must comport with the specific objection made at trial. *See Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). An objection stating one legal theory may not be used to support a different legal theory on appeal. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). A reviewing court need not consider errors, even of constitutional magnitude, not called to the trial court's attention. *Id*.

## 1. SCOPE OF THE QUESTIONING

In his first issue, M.A.O. argues that even though the initial stop to investigate a possible curfew violation was proper, Stevens's legal authority was limited to questioning him about his age and address. M.A.O. contends Stevens's question, "Do you guys have anything on you you're not supposed to have?," went beyond the permissible scope of a curfew investigation, thereby violating the municipal curfew ordinance and the Fourth Amendment of the United States Constitution.

The issue raised by M.A.O. on appeal was not presented to the trial court. Nowhere in his motion to suppress does M.A.O. present an argument about the propriety of the officer's question. The motion simply asserts that M.A.O.'s "arrest was unreasonable and illegal pursuant to the Fourth

Amendment of the United States Constitution" and "had no basis in probable cause and was made without a warrant." We conclude M.A.O.'s motion to suppress was not specific enough to preserve the argument now presented on appeal. *See Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005) (holding global statements in motion to suppress were not sufficiently specific to preserve arguments made on appeal). In addition, M.A.O.'s argument at the suppression hearing did not address this contention. Because the argument presented in M.A.O.'s first issue does not comport with any objection raised in the motion to suppress or at the suppression hearing, M.A.O. has failed to preserve this issue for appellate review. *See* TEX. R. APP. P. 33.1(a).

But even if M.A.O. had presented this argument below, we would not sustain this issue. M.A.O. acknowledges the curfew investigation was reasonable, but maintains the "subsequent questioning" that led to the discovery of the pills was unreasonable and violated the Fourth Amendment. We disagree.

An investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop. *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. 2004); *Davis v. State*, 947 S.W.2d 240, 243-44 (Tex. Crim. App. 1997). Once the purpose of the stop has been satisfied, the stop may not be used for a "fishing expedition for unrelated criminal activity." *Davis*, 947 S.W.2d at 243 (quoting *Ohio v. Robinette*, 519 U.S. 33, 41 (1996) (Ginsburg, J., concurring)). Nevertheless, a police officer's questioning, even on a subject unrelated to the purpose of the stop, is not itself a Fourth Amendment violation. *United States v. Estrada*, 459 F.3d 627, 631 (5th Cir. 2006); *United States v. Shabazz*, 993 F.2d 431, 436 (5th Cir. 1993).

Here, M.A.O. complains of only one question asked by Stevens. M.A.O. suggests this critical question was asked after the curfew investigation was completed. The State suggests Stevens's question was asked shortly after M.A.O. was stopped. In reality, the record is not well-developed as to the question's timing. Additionally, the record does not establish that Stevens failed to diligently pursue the curfew investigation, or that the question unreasonably prolonged the duration of the investigation. Based on the record before us, we cannot say Stevens's question was unreasonable and violated M.A.O.'s Fourth Amendment rights. *See Edmond v. State*, 116 S.W.3d 110, 114 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (concluding questioning about drugs during a traffic stop was permissible when it did not unreasonably prolong the detention). We therefore overrule the first issue.

## 2. WARNINGS UNDER SECTION 51.095 OF THE TEXAS FAMILY CODE

In his second issue, M.A.O. argues the trial court should have suppressed his oral statement, "I have some pills in my pocket that I found," because prior to making the statement he was not taken before a magistrate and given the warnings set out in Section 51.095(a)(1)(A) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 51.095(a)(1)(A) (Vernon Supp. 2008). In response, the State argues the motion to suppress was properly denied because no custodial interrogation took place and the statement was admissible under section 51.095(a)(2) of the Texas Family Code, which permits the admission of oral statements of facts or circumstances found to be true and tending to establish a juvenile's guilt, such as the finding of secreted or stolen property, or the instrument with which the juvenile states the offense was committed. *See id*. § 51.095(a)(2).

The admissibility of a statement made by a juvenile is governed by Section 51.095 of the Texas Family Code. *Id*. § 51.095 (Vernon Supp. 2008). The statute provides that a written statement by a juvenile is admissible at trial if it shows the juvenile was taken before a magistrate and given certain warnings prior to making the statement. *Id.* § 51.095(a)(1). These warnings include advising the juvenile (1) he may remain silent and not make any statement at all, and any statement made may be used in evidence against him; (2) he has the right to have an attorney present before or during questioning; (3) he has the right to have an attorney appointed if he is unable to employ an attorney on his own; and (4) he has the right to terminate the interview at any time. *Id*. § 51.095(a)(1)(A) (i-iv). An oral statement recorded by an electronic recording device is admissible if these same warnings are given by a magistrate prior to the juvenile making the statement. *Id*. § 51.095(a)(5).

The warnings specified under Section 51.095(a)(1)(A) must precede statements made while the juvenile is in a detention facility or other place of confinement, in the custody of an officer, or in the possession of the Department of Protective and Regulatory Services. *Id*. § 51.095(d). However, these warnings need not precede a statement that does not stem from interrogation of a child in custody. *Id*. § 51.095(b)(1). Thus, the statute allows the admission of a voluntary oral statement by a juvenile that is not the product of custodial interrogation. *Id*. § 51.095(b)(1), (d); *Martinez*, 131 S.W.3d at 32.

In this case, the only evidence presented in support of the motion to suppress was Stevens's testimony. After considering this evidence, the trial court stated, "I am going to rule the child was in custody. Just for the record, the child was in custody, but I am going to rule he was not being

interrogated while in custody of the officer. So his statement and the items that were turned over to the officer are admissible." We will uphold the trial court's ruling if it was correct under any theory of law applicable to the case, even if the trial court gave the wrong reason for its ruling. *See Armendariz*, 123 S.W.3d at 404; *Ross*, 32 S.W.3d at 856.

Custodial interrogation is questioning initiated by law enforcement after a person has been taken into custody or otherwise deprived of his freedom in any significant way. *Cannon v. State*, 691 S.W.2d 664, 671 (Tex. Crim. App. 1985). A child is under interrogation if he is subjected to direct questioning or its functional equivalent, which occurs when police officers engage in conduct that they know is likely to elicit an incriminating response from the defendant. *Lam v. State*, 25 S.W.3d 233, 239 (Tex. App.—San Antonio 2000, no pet.). A child is in custody if, under the objective circumstances, a reasonable child of the same age would believe his freedom of movement was restrained to the degree associated with a formal arrest. *Martinez*, 131 S.W.3d at 32; *Jeffley v. State*, 38 S.W.3d 847, 855 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

In determining whether a child was in custody at the time of questioning, courts consider the age of the juvenile and all of the circumstances surrounding the interrogation to decide whether there was a formal arrest or restraint of movement to the degree associated with formal arrest. *Martinez*, 131 S.W.3d at 32; *Jeffley*, 38 S.W.3d at 855. We apply a two-step analysis to determine whether an individual is in custody. *Martinez*, 131 S.W.3d at 32; *In the Matter of M.R.R.*, 2 S.W.3d 319, 323 (Tex. App.—San Antonio 1999, no pet.). First, we examine all the circumstances surrounding the interrogation to determine whether there was a formal arrest or restraint of freedom of movement to the degree associated with a formal arrest. *Martinez*, 131 S.W.3d at 32; *M.R.R.*, 2 S.W.3d at 323.

This initial determination focuses on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officer or the individual being questioned. *Martinez*, 131 S.W.3d at 32; *M.R.R.*, 2 S.W.3d at 323. "[T]he restriction upon freedom of movement must amount to the degree associated with an arrest as opposed to an investigative detention." *Dowthitt v. State*, 931 S.W.2d 244, 255 (Tex. Crim. App. 1996).

Second, in light of those circumstances, we consider whether a reasonable person would have felt free to terminate the interrogation and leave. *Martinez*, 131 S.W.3d at 32; *M.R.R.*, 2 S.W.3d at 323. Traditionally, courts consider four factors in making this determination (1) whether probable cause to arrest existed at the time of questioning; (2) the subjective intent of the police; (3) the focus of the investigation; and (4) the subjective belief of the defendant. *Dowthitt*, 931 S.W.2d at 254. However, the subjective intent of both the police and the defendant is irrelevant except to the extent that the intent may be manifested in the words or actions of law enforcement officials. *Martinez*, 131 S.W.3d at 32; *M.R.R.*, 2 S.W.3d at 323. The custody determination is based entirely upon objective circumstances. *Martinez*, 131 S.W.3d at 32; *M.R.R.*, 2 S.W.3d at 323. Additionally, being the focus of a criminal investigation does not amount to being in custody. *Meek v. State*, 790 S.W.2d 618, 621-22 (Tex. Crim. App. 1990). When the circumstances show that the individual acts upon the invitation or request of the police and there are no threats, express or implied, that he will be forcibly taken, then that person is not in custody at that time. *Dancy v. State*, 728 S.W.2d 772, 778 (Tex. Crim. App. 1987)).

Applying the first part of the analysis, we examine all the circumstances surrounding the questioning to determine whether there was a restraint of freedom of movement to the degree

associated with a formal arrest. Here, upon initiating contact, the officers did not use the patrol car's emergency lights, or pursue M.A.O. Instead, Stevens called out to M.A.O., who responded to this request by walking over to Stevens. At this juncture, M.A.O. was not patted down, handcuffed, or placed in the patrol car. When M.A.O. made his oral statement, he was standing on a public street and was accompanied by one of his friends. Based on all the circumstances surrounding the questioning, we conclude M.A.O. was not under formal arrest or under a restraint of freedom of movement to the degree associated with a formal arrest.

Turning to the second part of the analysis, we examine whether a reasonable fifteen-year-old in the same situation as M.A.O. would have felt free to terminate the interrogation and leave. In making this determination, we evaluate the four traditional factors. First, we recognize probable cause to arrest M.A.O. did not exist at the time of questioning. Second, as to the subjective intent of police, we note that even though Stevens stated he would not have allowed M.A.O. to walk away, nothing in the record indicates Stevens objectively manifested such an intention through his words or his actions. *See Jeffley*, 38 S.W.3d at 854 ("The subjective intent of law enforcement officials to arrest is irrelevant unless that intent is somehow communicated or otherwise manifested to the suspect."). Third, we recognize that even though M.A.O. was the focus of a curfew violation investigation, he would not have been taken into custody for such a violation. Stevens testified that for a first violation, the curfew ordinance only authorized him to issue a warning to the juvenile and report the incident to a designated youth agency, which in turn contacted the juvenile's parent or guardian. *See* SAN ANTONIO, TEX. MUNICIPAL CODE , ch. 21, art. V, § 21-124 (1991). Finally, we note that no evidence was presented as to M.A.O.'s subjective beliefs. Our evaluation of the four

traditional factors leads us to conclude that a reasonable fifteen-year-old in the same situation as M.A.O. would have felt free to terminate the questioning and leave.

Based on the totality of circumstances, M.A.O. was not in custody when he made his oral statement. Because M.A.O. was not in custody when he made his oral statement, the requirement that a magistrate give him the warnings set forth in Section 51.095(a)(1)(A) of the Texas Family Code did not apply to him. *See In the Matter of R.A.*, No. 03-04-00483-CV, 2005 WL 1412119, at *3 (Tex. App.—Austin 2005, no pet.) (denial of motion to suppress based on failure to give Section 51.095 warnings was proper because custody is a precursor to the warning requirements of Section 51.095 and juvenile was not in custody). Accordingly, the trial court did not abuse its discretion in denying the motion to suppress. We overrule the second issue.

## C. TRANSFER ORDER

In his third issue, M.A.O. argues the trial court abused its discretion in transferring his case to Harris County for disposition under Section 51.07 of the Texas Family Code.[1] *See* TEX. FAM. CODE. ANN. 51.07 (Vernon Supp. 2008).

As a threshold matter, we consider our jurisdiction to review the challenged order. A juvenile's right to appeal in juvenile proceedings is controlled by Section 56.01(c) of the Texas Family Code. TEX. FAM. CODE ANN. § 56.01(c) (Vernon 2008); *see In the Matter of R.J.M.*, 211

---

[1] Section 51.07, entitled "Transfer to Another County" provides:

When a child has been found to have engaged in delinquent conduct or conduct indicating a need for supervision under Section 54.03, the juvenile court may transfer the case and transcripts of records and documents to the juvenile court of the county where the child resides for disposition of the case under Section 54.04. Consent by the court of the county where the child resides is not required.

TEX. FAM. CODE ANN. § 51.07 (Vernon Supp. 2008).

S.W.3d 393, 394 (Tex. App.—San Antonio 2006, pet. denied). However, section 56.01(c) does not authorize an appeal from a transfer order issued under Section 51.07 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 56.01(c) (Vernon 2008). When a legislative enactment says a juvenile may appeal orders delineated in the statute, there is no right to appeal orders not so included. *R.J.M.*, 211 S.W.3d at 394; *In the Matter of J.H.*, 176 S.W.3d 677, 679 (Tex. App.—Dallas 2005, no pet.).

Because the controlling statute does not authorize an appeal from a transfer order issued under Section 51.07 of the Texas Family Code, we conclude the order transferring M.A.O.'s case to another county for disposition is not an appealable order. *See R.J.M.*, 211 S.W.3d at 394-95 (dismissing appeal for lack of jurisdiction because the Texas Family Code did not authorize an appeal from a juvenile court order denying motion to appoint counsel for post-adjudication DNA testing); *J.H.*, 176 S.W.3d at 679 (dismissing juvenile's appeal for lack of jurisdiction because juvenile court order transferring determinate sentence probation to criminal district court was not appealable). Because the transfer order is not an appealable order, we are without jurisdiction to consider M.A.O.'s third issue and must dismiss this portion of the appeal for lack of jurisdiction. *See In re Estate of Munoz*, No. 04-06-00850-CV, 2007 WL 4547558, at *3 (Tex. App.—San Antonio 2007, no pet.) (dismissing corresponding portion of the appeal for lack of jurisdiction when venue transfer order was not appealable).

### D. CONCLUSION

The trial court's adjudication order is affirmed. The portion of the appeal challenging the trial court's transfer order is dismissed for lack of jurisdiction.

Karen Angelini, Justice