02-10-234-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00234-CV

 

 


 
 
 In the Matter of W.E.H.
 
 
  
 
 
  
 
 
 
 
  
  
  
 
 
 
 
  
 
 
  
 
 
  
 
 


 

 

----------

 

FROM THE 323rd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. 
Introduction

          Appellant
W.E.H. attempts to appeal the trial court’s order transferring his determinate
sentence probation from juvenile court to an appropriate adult district court. 
W.E.H. was adjudicated delinquent on July 7, 2008, for the offense of
aggravated sexual assault of a child and was given a determinate sentence of
five years’ probation.  Before W.E.H.’s eighteenth birthday, the State filed a
motion to have W.E.H.’s probation transferred to an adult district court
pursuant to family code section 54.051(d), and the trial court granted the
State’s motion.  W.E.H. then filed notice of this appeal.  Because an order
transferring a juvenile’s probation to an adult district court is not an
appealable order, we dismiss this appeal for lack of jurisdiction.

II. 
Discussion

          W.E.H.
contends in his sole issue that section 54.051(d) is unconstitutionally vague
because it does not include affirmative standards for the trial court to follow
in deciding whether to transfer a juvenile’s probation to an adult court. 
However, this and other Texas appellate courts have held that an order
transferring a juvenile’s community supervision to an adult district court is
not an appealable order.  See In re J.H., 176 S.W.3d 677, 679 (Tex.
App.—Dallas 2005, no pet.) (dismissing appeal for lack of jurisdiction, holding
limitation of right to appeal did not violate due process or equal protection,
and stating that “the trial court’s order transferring determinate sentence
probation to an appropriate criminal district court is not an appealable order”);
see also In re B.L.C., No. 08-10-00186-CV, 2010 WL 3784972, at *1 (Tex.
App.—El Paso Sept. 29, 2010, no pet.) (dismissing appeal for lack of
jurisdiction); In re C.M.W., No. 02-04-00087-CV, 2005 WL 375183, at *1
(Tex. App.—Fort Worth 2005, no pet.) (same).

          Section
56.01 of the Texas Family Code sets out a child’s right to appeal a juvenile
court’s order and describes which of those orders are appealable.  See
Tex. Fam. Code Ann. § 56.01 (Vernon Supp. 2010).  Section 56.01(c) specifically
lists the orders from which the child may appeal, but an order transferring a
child’s determinate sentence probation to an appropriate district court is not
one of the orders enumerated in the statute.  See id. § 56.01(c); In
re J.H., 176 S.W.3d at 679.  Thus, the order transferring W.E.H.’s
determinate sentence probation to the appropriate adult district court is not
an appealable order.[2]  See In re J.H.,
176 S.W.3d at 679; In re B.L.C., 2010 WL 3784972, at *1; In re C.M.W.,
2005 WL 375183, at *1.  We therefore dismiss this appeal for lack of
jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).

III. 
Conclusion

          Based
on the foregoing, we dismiss this appeal for lack of jurisdiction.

 

 

PER CURIAM

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DELIVERED:  May 19, 2011 









[1]See Tex. R. App. P. 47.4.





[2]We also note that W.E.H.
failed to preserve his constitutional argument for appellate review by not
presenting it to the trial court.  See Tex. R. App. P. 33.1(a); Karenev
v. State, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding “a defendant
may not raise for the first time on appeal a facial challenge to the
constitutionality of a statute”); Mendez v. State, 138 S.W.3d 334, 341
(Tex. Crim. App. 2004) (distinguishing fundamental systemic errors that need
not be preserved for appeal).  W.E.H. first raised his constitutional argument
in his motion for new trial, but there is no indication in the record that he
presented it to the trial court or that the trial court ruled on or even knew
about the constitutional argument.  See Tex. R. App. P. 21.6; compare
Richardson v. State, 328 S.W.3d 61, 72 (Tex. App.—Fort Worth 2010, pet.
ref’d) (holding appellant failed to preserve constitutional challenge to
sentence by failing to present motion for new trial to trial court), with
Gillenwaters v. State, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006) (noting
that the appellant “filed and presented to the trial court a motion for new
trial” containing constitutional argument).