# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH



## NO. 02-10-00234-CV

IN THE MATTER OF W.E.H.

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. Introduction

Appellant W.E.H. attempts to appeal the trial court's order transferring his determinate sentence probation from juvenile court to an appropriate adult district court.  W.E.H. was adjudicated delinquent on July 7, 2008, for the offense of aggravated sexual assault of a child and was given a determinate sentence of five years' probation.  Before W.E.H.'s eighteenth birthday, the State filed a motion to have W.E.H.'s probation transferred to an adult district court pursuant

---

[1]See Tex. R. App. P. 47.4.

to family code section 54.051(d), and the trial court granted the State's motion. W.E.H. then filed notice of this appeal. Because an order transferring a juvenile's probation to an adult district court is not an appealable order, we dismiss this appeal for lack of jurisdiction.

## II. Discussion

W.E.H. contends in his sole issue that section 54.051(d) is unconstitutionally vague because it does not include affirmative standards for the trial court to follow in deciding whether to transfer a juvenile's probation to an adult court. However, this and other Texas appellate courts have held that an order transferring a juvenile's community supervision to an adult district court is not an appealable order. *See In re J.H.*, 176 S.W.3d 677, 679 (Tex. App.—Dallas 2005, no pet.) (dismissing appeal for lack of jurisdiction, holding limitation of right to appeal did not violate due process or equal protection, and stating that "the trial court's order transferring determinate sentence probation to an appropriate criminal district court is not an appealable order"); *see also In re B.L.C.*, No. 08-10-00186-CV, 2010 WL 3784972, at *1 (Tex. App.—El Paso Sept. 29, 2010, no pet.) (dismissing appeal for lack of jurisdiction); *In re C.M.W.*, No. 02-04-00087-CV, 2005 WL 375183, at *1 (Tex. App.—Fort Worth 2005, no pet.) (same).

Section 56.01 of the Texas Family Code sets out a child's right to appeal a juvenile court's order and describes which of those orders are appealable. *See* Tex. Fam. Code Ann. § 56.01 (Vernon Supp. 2010). Section 56.01(c) specifically lists the orders from which the child may appeal, but an order transferring a

2

child's determinate sentence probation to an appropriate district court is not one of the orders enumerated in the statute. *See id.* § 56.01(c); *In re J.H.*, 176 S.W.3d at 679. Thus, the order transferring W.E.H.'s determinate sentence probation to the appropriate adult district court is not an appealable order.[2] *See In re J.H.*, 176 S.W.3d at 679; *In re B.L.C.*, 2010 WL 3784972, at *1; *In re C.M.W.*, 2005 WL 375183, at *1. We therefore dismiss this appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

## III. Conclusion

Based on the foregoing, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: May 19, 2011

---

[2] We also note that W.E.H. failed to preserve his constitutional argument for appellate review by not presenting it to the trial court. *See* Tex. R. App. P. 33.1(a); *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding "a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute"); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004) (distinguishing fundamental systemic errors that need not be preserved for appeal). W.E.H. first raised his constitutional argument in his motion for new trial, but there is no indication in the record that he presented it to the trial court or that the trial court ruled on or even knew about the constitutional argument. *See* Tex. R. App. P. 21.6; *compare Richardson v. State*, 328 S.W.3d 61, 72 (Tex. App.—Fort Worth 2010, pet. ref'd) (holding appellant failed to preserve constitutional challenge to sentence by failing to present motion for new trial to trial court), *with Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006) (noting that the appellant "filed and presented to the trial court a motion for new trial" containing constitutional argument).

3