# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00027-CV

## In the Matter of J. M.

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. J-31,485, THE HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The district court, sitting as a juvenile court, adjudicated appellant J.M. delinquent after finding that he committed the offense of aggravated sexual assault of a child. *See* Tex. Fam. Code § 54.03(f); Tex. Penal Code § 22.021(a)(1)(B). The court imposed a ten-year determinate sentence and placed appellant on probation for ten years. *See* Tex. Fam. Code §§ 53.045(a)(5), 54.04(d)(3), (q). The juvenile court also entered an order transferring appellant's probation to an adult criminal district court, *see id.* § 54.051, as well as an order requiring appellant to register privately as a sex offender, *see* Tex. Code Crim. Proc. arts. 62.001(5)(A), 62.352. In two points of error on appeal, appellant contends that the juvenile court lacked jurisdiction to adjudicate him delinquent, place him on probation under a determinate sentence, transfer that probation to adult court, and enter the order requiring him to register as a sex offender. Having reviewed the record, we affirm the juvenile court's judgment of adjudication, order imposing determinate sentence probation, and sex-offender registration order. We dismiss appellant's appeal of the transfer order for lack of jurisdiction.

## BACKGROUND[1]

Appellant was born on December 14, 1992. On May 3, 2010, when appellant was seventeen years old, the State filed its original petition alleging, in two separate paragraphs, that appellant had engaged in delinquent conduct by committing the felony offense of aggravated sexual assault of a child when appellant was sixteen years old. On May 24, 2010, at an announcement hearing, the parties appeared in court, updated the court on appellant's status, and advised the court that a sex-offender evaluation would be conducted on appellant. On July 12, 2010, at a setting for the adjudication hearing, the parties informed the court that the evaluation had been done and that the parties were engaged in plea negotiations and anticipated a plea. The case was reset for a plea on August 10, 2010.

On August 10, 2010, the parties appeared at the plea hearing and, pursuant to the plea bargain, the State abandoned Paragraph III of the petition (containing one of the allegations that appellant had engaged in delinquent conduct by committing the offense of aggravated sexual assault of a child) and waived the determinate sentence. Appellant pleaded true to the remaining paragraph, Paragraph IV, admitting his guilt to the aggravated sexual assault of a child alleged in that paragraph.[2] The court accepted appellant's plea and made an oral finding that appellant was a child

---

[1] Because the parties are familiar with the facts of the case and its procedural history, we provide only a general overview of the procedural history here. We provide additional factual and procedural background in the opinion as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

[2] Also as part of the plea-bargain agreement, the State recommended that appellant be placed on probation at home until his eighteenth birthday and be required to complete sex-offender treatment. The parties also agreed that any decision requiring appellant to register as a sex offender would be deferred.

who had engaged in delinquent conduct. The disposition hearing immediately followed, during which the court heard testimony from a juvenile probation officer and reviewed the court summary and appellant's sex-offender evaluation. At the conclusion of the disposition hearing, the court rejected the plea agreement and ordered a "judicial confession."[3] The court then reset the case for December 13, 2010 (the day before appellant's eighteenth birthday), and advised appellant that at that hearing the court would, based on the evidence heard, either adjudicate appellant delinquent or accept a Rule 11 agreement and continue the informal probation.

On December 13, 2010, the parties appeared at the adjudication hearing. They updated the juvenile court on appellant's progress in therapy ("treatment is moving slowly but steadily") and advised the court that appellant needed more time in therapy. The parties entered into a Rule 11 Agreement, which the record reflects the court accepted,[4] and appellant was continued on the informal probation. Thereafter, the record reflects that a series of review hearings followed—affording appellant the opportunity to complete therapy and successfully complete the informal probation—until he was ultimately adjudicated delinquent for aggravated sexual assault of a child on May 24, 2012. The court then set the disposition hearing for July 25, 2012, giving appellant time to "get his act together" before the court made the decision of whether a determinate

---

[3] Although not provided for in the Family Code, a "judicial confession" is apparently a type of deferred prosecution or pretrial diversion program used by juvenile courts in Travis County. The juvenile enters a plea of true to an offense and admits his guilt; the court, however, defers an adjudication finding and places the juvenile on an informal probation. If the juvenile successfully completes the conditions of the informal probation, the petition alleging delinquent conduct will be dismissed. If the juvenile is not successful, the court enters an adjudication finding and proceeds to disposition.

[4] The record reflects that the Rule 11 Agreement was not filed until January 27, 2011, the date of the next review hearing.

sentence would be imposed and whether appellant would have to register as a sex offender. Again, the record reflects that a series of disposition and review hearings followed—to again afford appellant the opportunity to complete therapy, this time in order to avoid a determinate sentence and sex-offender registration. Finally, after a contested disposition hearing conducted on November 12, 2013, the juvenile court entered an order imposing a ten-year determinate sentence and placing appellant on probation for ten years. The court ordered appellant to register privately as a sex offender and transferred his probation to adult criminal court.

## DISCUSSION

### State's Challenge to Appellate Jurisdiction

Initially, we address the State's contention that appellant's appeal of these orders should be dismissed for want of jurisdiction because the notice of appeal was untimely filed. All of these orders were signed by the juvenile court on November 21, 2013. As a general rule, juvenile appeals proceed under the rules governing civil cases. *See* Tex. Fam. Code § 56.01(b) ("The requirements governing an appeal are as in civil cases generally."). Accordingly, in this case, appellant's notice of appeal was due within 30 days from the signing of these orders, or by December 21, 2013. *See* Tex. R. App. P. 26.1 (providing that notice of appeal in civil case must generally be filed within 30 days after judgment is signed). Appellant's notice of appeal was filed on December 23, 2013. However, under the rule regarding the computation of time, if the last day of the time period is a Saturday, Sunday, or legal holiday, "the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday." Tex. R. App. P. 4.1(a). We observe that in 2013, December 21st was a Saturday, and the next business day was Monday, December 23rd,

4

the day on which appellant's notice of appeal was filed. Thus, the State's jurisdictional argument based on an untimely notice of appeal fails.

**Challenge to Jurisdiction of Juvenile Court**

In his first issue, appellant claims that the juvenile court was without jurisdiction after his eighteenth birthday to adjudicate him delinquent, place him on determinate sentence probation, transfer his probation to adult criminal court, and order him to register privately as a sex offender.

As is relevant here, a juvenile court has exclusive, original jurisdiction over all proceedings involving a person who has engaged in delinquent conduct as a result of acts committed before age seventeen. *See* Tex. Fam. Code §§ 51.02, .04. Although a juvenile court does not lose jurisdiction when a juvenile turns eighteen, such jurisdiction is generally limited to either transferring the case under section 54.02(j) or dismissing the case. *In re N.J.A.*, 997 S.W.2d 554, 556 (Tex. 1999); *see* Tex. Fam. Code § 54.02(j) (setting forth circumstances under which juvenile court can waive jurisdiction and transfer appropriately aged juvenile to criminal court for criminal proceedings). However, the Family Code provides an exception to this rule, which applies to incomplete proceedings. *See* Tex. Fam. Code § 51.0412; *In re V.A.*, 140 S.W.3d 858, 859 (Tex. App.—Fort Worth 2004, no pet.). Under section 51.0412 of the Family Code, a juvenile court retains jurisdiction over the juvenile, without regard to the age of the juvenile, if: (1) the petition or motion was filed while the juvenile was under eighteen; (2) the proceeding is not complete before the juvenile turns eighteen; and (3) the court enters a finding that the prosecutor exercised due diligence in an attempt to complete the proceeding before the juvenile turns eighteen. Tex. Fam. Code § 51.0412. In his brief, appellant argues that the trial court lost jurisdiction after his eighteenth

5

birthday because there is no evidence of prosecutorial due diligence prior to trial or during the adjudication and disposition proceedings.

However, a child who objects to the jurisdiction of the court over the child because of the child's age must raise the objection at the adjudication hearing. *See* Tex. Fam. Code § 51.042(a). A child who does not so object "waives any right to object to the jurisdiction of the court because of the age of the child" on appeal. *See id.* § 51.042(b). In this case, appellant did not object to the jurisdiction of the juvenile court over him because of his age at the adjudication hearing. Consequently, he has waived his complaint that the trial court lacked jurisdiction over him after he turned eighteen to adjudicate him delinquent, impose determinate sentence probation, or order him to register privately as a sex offender. Accordingly, we overrule appellant's first issue.

**Appeal of Order Transferring Probation**

In his second issue, appellant contends that the trial court erred when it transferred his determinate sentence probation to the adult criminal court because the hearing regarding the transfer of appellant's probation was not conducted before appellant's eighteenth birthday. *See id.* § 54.051(b). Thus, he argues, the order transferring his probation to adult criminal court should be vacated.

Section 56.01 of the Family Code sets out a child's right to appeal a juvenile court's order and specifically lists the orders from which the child may appeal. *See id.* § 56.01. An order entered under section 54.051 of the Family Code transferring a child's determinate sentence probation to an appropriate district court is not one of the orders enumerated in the statute. *See id.* § 56.01(c). Thus, applying the plain language of the statute, the juvenile court's order transferring

6

determinate sentence probation to an appropriate adult criminal district court is not an appealable order. *See In re J.H.*, 176 S.W.3d 677, 679 (Tex. App.—Dallas 2005, no pet.) (dismissing appeal for lack of jurisdiction after concluding that "the trial court's order transferring determinate sentence probation to an appropriate criminal district court is not an appealable order"); *see also In re W.E.H.*, No. 02-10-00234-CV, 2011 WL 1901986, at *1 (Tex. App.—Fort Worth May 19, 2011, no pet.) (mem. op.) (dismissing appeal of transfer order for lack of jurisdiction); *In re T.D.S.*, No. 14-11-00005-CV, 2011 WL 2474056, at *1 (Tex. App.—Houston [14th Dist.] June 23, 2011, pet. denied) (mem. op.) (same); *In re B.L.C.*, No. 08-10-00186-CV, 2010 WL 3784972, at *1 (Tex. App.—El Paso Sept. 29, 2010, no pet.) (mem. op.) (same). We therefore overrule appellant's second issue and dismiss his attempted appeal of the order transferring his determinate sentence probation to an adult criminal district court for lack of jurisdiction.

## CONCLUSION

Because appellant waived his objection to the juvenile court's jurisdiction based on his age by failing to object at the adjudication hearing, we affirm the juvenile court's judgment of adjudication, order imposing determinate sentence probation, and order requiring private sex-offender registration. Because an order transferring a juvenile's determinate sentence probation to adult criminal district court is not an appealable order, we dismiss appellant's attempted appeal of this order for lack of jurisdiction.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed in Part; Dismissed for Want of Jurisdiction in Part

Filed:   May 21, 2015