

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00147-CV

IN THE MATTER OF V. T., A JUVENILE

On Appeal from the 98th District Court
Travis County, Texas
Trial Court No. J-32803, Honorable W. Jeanne Meurer, Presiding

November 4, 2015

## OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, V.T., attempts to appeal the trial court's order transferring his determinate sentence probation from juvenile court to adult district court for the remainder of his ten-year probation term. Pursuant to a plea bargain, V.T. was adjudicated delinquent on July 22, 2013, for the offense of attempted sexual assault of a child and assessed a determinate sentence of ten years' probation. V.T. did not seek appeal of this adjudication or disposition. On February 13, 2015, the district court held a hearing and ordered V.T.'s determinate sentence probation transferred to adult district court. By two issues, V.T. appeals this transfer order. We dismiss for want of jurisdiction.

Texas Family Code section 56.01 expressly identifies the juvenile court orders from which a child may appeal. *See* TEX. FAMILY CODE ANN. § 56.01(c) (West 2014). An order transferring determinate sentence probation to district court is not identified as an order from which appeal will lie. *See id.* As such, an order transferring determinate sentence probation to district court is not an appealable order. *In re J.H.*, 176 S.W.3d 677, 679 (Tex. App.—Dallas 2005, no pet.).

Both of V.T.'s issues contend that the trial court lacked jurisdiction to transfer his determinate sentence probation to district court because the State failed to obtain grand jury approval or V.T.'s waiver of such before V.T. was adjudicated delinquent.[1] He contends that such a defect deprived the district court of jurisdiction to transfer the case because the juvenile court lacked jurisdiction to enter adjudication and disposition orders. It is axiomatic that a challenge to a court's jurisdiction may be raised at any time. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). However, while such an issue of fundamental error may be asserted at any time, it must be brought to a court through an appropriate vehicle and, in the present case, an order transferring determinate sentence probation to district court is not appealable. *See In re J.H.*, 176 S.W.3d at 679. Rather, V.T. may present his argument that the juvenile court lacked jurisdiction over his adjudication and disposition by way of a writ of habeas

---

[1] We note that the October 16, 2013 Judgment of Adjudication indicates that,

> The Court further finds that the right to have petition, approved by the Grand Jury under Section 53.045 of the Texas Family Code, was waived by the Respondent and the Respondent's attorney. The Court finds that 1) the waiver is made by the Respondent and the attorney for the Respondent; 2) the Respondent and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it; 3) the waiver is voluntary; and 4) the waiver is made in writing or in court proceedings that are recorded.

However, we also note that the record does not include a separate written waiver nor a recording of such a waiver being received through in-court proceedings.

corpus.  *See McCain v. State*, 67 S.W.3d 204, 207 (Tex. Crim. App. 2002) (explaining that jurisdictional errors may be raised by writ of habeas corpus).

Because V.T. has no right to appeal the transfer of his determinate sentence probation to district court, we are without jurisdiction over V.T.'s attempt to appeal.  As such, we must dismiss the appeal.


Mackey K. Hancock
Justice