**Opinion issued June 21, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**No. 01-17-00950-CV**

**No. 01-17-00951-CV**

**No. 01-17-00952-CV**

**No. 01-17-00953-CV**

———————————

## IN THE MATTER OF D.M., Appellant

---

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 2015-00609J, 2015-02057J, 2015-00610J, 2015-02310J**

---

## MEMORANDUM OPINION

Appellant, D.M., attempts to appeal the trial court's orders transferring her determinate sentence probation from juvenile court to criminal district court for the remainder of her probation terms. We dismiss the appeals.

In each juvenile court proceeding, the State filed a petition alleging delinquent conduct against appellant, charging her with delinquent conduct by committing the offense of aggravated robbery with a deadly weapon.[1] And, in each proceeding, the juvenile court found that appellant engaged in delinquent conduct and assessed a determinate sentence of probation for a period of ten years. On April 19, 2017, the juvenile court held a hearing on the State's "motion to transfer these probations" and signed orders transferring appellant's determinate sentence probations from juvenile court to criminal district court. *See* TEX. FAM. CODE ANN. § 54.051(d) (West Supp. 2017). Appellant filed a notice of appeal of each trial court order.

Section 56.01 of the Texas Family Code sets out a juvenile's right to appeal a juvenile court's orders and specifically lists those orders. *See* TEX. FAM. CODE ANN. § 56.01(a), (c) (West Supp. 2017); *In re J.H.*, 176 S.W.3d 677, 679 (Tex. App.— Dallas 2005, no pet.). A juvenile may appeal an order under:

(A) Section 54.02 respecting transfer of the child for prosecution as an adult;
(B) Section 54.03 with regard to delinquent conduct or conduct indicating a need for supervision;
(C) Section 54.04 disposing of the case;
(D) Section 54.05 respecting modification of a previous juvenile court disposition; or
(E) Chapter 55 by a juvenile court committing a child to a facility for the mentally ill or intellectually disabled.

---

[1] *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011).

2

TEX. FAM. CODE ANN. § 56.01(c)(1). Further, an appeal may be taken "by a person from an order entered under Section 54.11(i)(2) transferring the person to the custody of the Texas Department of Criminal Justice." *Id.* § 56.01(c)(2). An order under section 54.051 to transfer a determinate sentence probation to a criminal district court is not an order enumerated in section 56.01. *See id.* § 56.01(c)(1), (2); *In re J.H.,* 176 S.W.3d at 679. Thus, the trial court's orders transferring appellant's determinate sentence probation to criminal district court are not appealable orders. *See In re V.T.*, 479 S.W.3d 517, 518 (Tex. App.—Amarillo 2015, no pet.); *In re T.D.S.*, No. 14-11-00005-CV, 2011 WL 2474056, at *1 (Tex. App.—Houston [14th Dist.] June 23, 2011, pet. denied) (mem. op.); *In re J.H.,* 176 S.W.3d at 679.

After we notified her of our intent to dismiss the appeals unless she demonstrated that we have jurisdiction, appellant responded with a motion to retain the appeals. In her motion, she asserts that the list of appealable orders set out in section 56.01 is not exclusive and "the transfer of a determinate sentence probation from juvenile court to adult district court is akin to modification of a previous juvenile court disposition," which is an appealable order under section 56.01(c)(1)(D) of the Family Code. Appellant further asserts that the proceedings here are distinguishable from those in *In re V.T.* and *In re T.D.S.* because "they both

involved technical complaints prior to the transfer hearing, and not a complete loss of jurisdiction to even hold a transfer hearing," as in appellant's proceedings.[2]

Appellant has not demonstrated that we have jurisdiction over her appeals. "The right of appeal in juvenile proceedings is specifically controlled by Section 56.01 of the Texas Family Code." *C. L. B. v. State*, 567 S.W.2d 795, 796 (Tex. 1978). Section 56.01 enumerates which orders are appealable, and "there is no right to appeal orders not so included." *In re J.H.*, 176 S.W.3d at 679. Under "the plain language of the statute," a juvenile court's order transferring determinate sentence probation to a criminal district court is not an appealable order. *In re J.M.*, No. 03-14-00027-CV, 2015 WL 3393819 at *3 (Tex. App.—Austin May 21, 2015, no pet.) (mem. op.). And, we do not have jurisdiction over appellant's appeals even though she contends that the juvenile court lost jurisdiction to hold a transfer hearing. A claim of lack of jurisdiction "must be brought to a court through an appropriate vehicle and . . . an order transferring determinate sentence probation to district court is not appealable." *In re V.T.*, 479 S.W.3d at 518–19; *see In re J.M.*, 2015 WL

---

2  In the juvenile court, appellant objected to the transfer hearing on the basis that the court did not have jurisdiction because "the transfer hearing must have been held before [appellant's] 19th [birthday]" and the hearing was held on her nineteenth birthday. *See* TEX. FAM. CODE ANN. §§ 54.04(q), 54.051(b) (West Supp. 2017). The State responded that the "proceeding was not complete before the 19th birthday" and asked the court to find that the State had "exercised due diligence in attempting to complete this hearing before [appellant's] 19th birthday." *See id.* § 51.0412 (West 2014).

3393819 at *3 (dismissing attempted appeal of order transferring determinate sentence probation to criminal district court when appellant contended trial court erred because it did not hold hearing before appellant's eighteenth birthday).

Accordingly, we dismiss the appeals for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.