

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00347-CV

———————————————

IN THE MATTER OF A.H.

---

On Appeal from County Court at Law No. 1
Denton County, Texas
Trial Court No. JV-2017-00736

---

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant A.H.[1] attempts to appeal the trial court's order denying his "Amended Application for Sealing Records." Because an order of this nature by a juvenile court is not appealable, we dismiss this appeal for want of jurisdiction.

## I. Background

In February 2018, A.H. judicially confessed to the offense of indecency with a child by contact. The trial court found that A.H. had engaged in delinquent conduct and placed him on probation for two years. He was successfully discharged from probation in February 2020.

In May 2021, A.H. filed an application to seal his juvenile records. He nonsuited that application, and in April 2025, A.H. filed a second application for sealing records. He then filed an amended application, which the trial court heard and denied on July 10, 2025. A.H. timely appealed the trial court's denial.

## II. Appellate Jurisdiction

Section 56.01(c) of the Texas Family Code sets out a juvenile's right to appeal certain juvenile court orders and specifically lists those appealable orders. *See* Tex. Fam. Code Ann. § 56.01(a), (c); *In re J.H.*, 176 S.W.3d 677, 679 (Tex. App.—Dallas 2005, no pet.). Specifically, a juvenile may appeal an order under:

(A) Section 54.02 respecting transfer of the child for prosecution as an adult;

---

[1]While A.H. is no longer a minor, because this appeal involves juvenile court proceedings, we refer to him by his initials. *See* Tex. R. App. P. 9.8(c).

(B) Section 54.03 with regard to delinquent conduct or conduct indicating a need for supervision;

(C) Section 54.04 disposing of the case;

(D) Section 54.05 respecting modification of a previous juvenile court disposition; or

(E) Chapter 55 by a juvenile court committing a child to a facility for person with mental illness or intellectual disabilities[.]

Tex. Fam. Code Ann. § 56.01(c)(1). Additionally, an appeal may be taken "by a person from an order entered under Section 54.11(i)(2) transferring the person to the custody of the Texas Department of Criminal Justice." *Id.* § 56.01(c)(2).

When a legislative enactment permits a juvenile to appeal statutorily delineated orders, such as Section 56.01(c), there is no right to appeal orders not included in the statute. *In re D.M.*, Nos. 01-17-00950-CV, 01-17-00951-CV, 01-17-00952-CV, 01-17-00953-CV, 2018 WL 3059738, at *1 (Tex. App.—Houston [1st Dist.] June 21, 2018, no pet.) (per curiam) (mem. op.); *In re R.J.M.*, 211 S.W.3d 393, 394 (Tex. App.—San Antonio 2006, pet. denied); *J.H.*, 176 S.W.3d at 679. An order denying an application to seal juvenile records is not an order included in Section 56.01(c). *See* Tex. Fam. Code Ann. § 56.01(c)(1), (2). Thus, the trial court's order denying A.H.'s amended application for juvenile record sealing is not an appealable order. *See id.*

On July 18, 2025, we notified A.H. by letter that we had received his notice of appeal and that we were concerned that we lacked jurisdiction over the appeal because the order from which he appeals does not appear to be a final judgment or an

appealable interlocutory order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (listing appealable interlocutory orders). We requested a response from A.H. showing grounds for continuing this appeal and warned that it could be dismissed for want of jurisdiction.

A.H. filed a response asserting that the trial court's order "must be characterized as final" because the trial court intended for its decision to be final. He argued that the issue of sealing a juvenile record is a "serious collateral consequence" and that "[t]o be left with no appellate recourse is absurd." After considering A.H.'s response, we decided to continue his appeal at that time.

A.H. further addressed the issue of this court's jurisdiction in his appellant's brief. In his brief, A.H. argued that, in addition to the reasons presented in his response to our jurisdiction letter, we have jurisdiction over his appeal because juvenile cases are classified as civil cases, and according to A.H., he "passes the $250 amount in controversy jurisdictional threshold required of civil appeals." In support, he cites *In re Hall*, 286 S.W.3d 925, 927 (Tex. 2009) (orig. proceeding), and *Harris v. State*, 402 S.W.3d 758, 762 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

Instead of filing an appellee's brief, the State filed a motion to dismiss A.H.'s appeal pursuant to Section 56.01(c) of the Texas Family Code. The State argued that we do not have jurisdiction over this appeal because Section 56.01(c) does not include orders under Section 58.256 of the Texas Family Code. *See* Tex. Fam. Code Ann. § 58.256 (providing procedure for and requirements of application for sealing juvenile

court records). A.H. did not respond to the State's motion.

The cases upon which A.H. relies are inapposite. *Hall* is inapplicable because it was an original proceeding, not an appeal, and A.H. does not seek mandamus relief. *See generally Hall*, 286 S.W.3d at 925–30. In *Harris*, the appellate court determined that it had jurisdiction under the general grant of appellate jurisdiction over civil appeals. *Harris*, 402 S.W.3d at 762. But here, unlike in *Harris*, A.H.'s right of appeal "is specifically controlled by Section 56.01 of the Texas Family Code." *C.L.B. v. State*, 567 S.W.2d 795, 796 (Tex. 1978).

Because Section 56.01 does not permit a juvenile to appeal from an order on an application for sealing juvenile court records, we do not have jurisdiction over A.H.'s appeal. *See* Tex. Fam. Code Ann. § 56.01(c); *see also D.M.*, 2018 WL 3059738, at *2; *In re W.E.H.*, No. 02-10-00234-CV, 2011 WL 1901986, at *1 (Tex. App.—Fort Worth May 19, 2011, no pet.) (per curiam) (mem. op.); *R.J.M.*, 211 S.W.3d at 394–95; *J.H.*, 176 S.W.3d at 679.

## III. Conclusion

Having concluded that we do not have jurisdiction over A.H.'s appeal, we dismiss this appeal for want of jurisdiction.[2]

Per Curiam

Delivered: January 8, 2026

---

[2]Based on our disposition, we grant the State's motion to dismiss, and all other pending motions are dismissed as moot.

5