## BOB HINES V. THE STATE.

### No. 2546.   Decided December 3, 1903.

**1.—Motion for New Trial and in Arrest of Judgment—Right to.**

By article 839, subdivision 3, Code of Criminal Procedure, it is provided, that "where there has not been a motion for new trial or motion in arrest of judgment made, the defendant may answer that he has good grounds for either or both of these motions, and either or both motions may be immediately entered and disposed of, although more than two days may have elapsed since the rendition of the verdict." Held, in order for a defendant to bring himself within the terms of this statute, he must allege and prove that he had not previously filed a motion for new trial, or a motion in arrest of judgment, either or both, as the case may be.

**2.—Escape from Custody Pending Appeal—Jurisdiction.**

By article 880, Code of Criminal Procedure, it is provided, that "if a defendant pending an appeal in a felony case shall make his escape from custody, the jurisdiction of the Court of Criminal Appeals shall no longer attach in the case," and that on the fact of such escape being made to appear, the court shall dismiss the appeal, but shall, after dismissal, reinstate the appeal if it be shown that defendant voluntarily returned to custody within ten days after such escape. Held, that where defendant did not voluntarily return within ten days, there can be no further appeal to or jurisdiction in this court to hear and determine any matter connected with his conviction.

**3.—Motion for New Trial.**

A motion for new trial and in arrest of judgment, under article 839, subdivision 3, supra, must be made in limine, and can not be raised, for the first time, in a motion in arrest of judgment.

Appeal from the District Court of Marion.   Tried below before Hon. J. M. Talbot.

Appeal from a refusal of motion for new trial and in arrest of judgment on a conviction, which was rendered the 29th day of June, 1889, of murder in the first degree; penalty, death.

Appellant was indicted for the murder of Ike Bailey, a negro, on the 28th day of March, 1888.

Defendant made a motion for new trial, which was overruled at the term when he was convicted, and he appealed, and his appeal was dismissed on account of his escape from custody.

The facts pertaining to this attempted second appeal are fully stated in the opinion.

Davidson, Presiding Judge, being disqualified, he having been Assistant Attorney-General at the time of the former appeal in the case, Governor Sayers appointed G. W. Allen, of Austin, Special Presiding Judge.

*George T. Todd* and *W. T. Armistead,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

ALLEN, SPECIAL PRESIDING JUDGE.—On the 29th day of June, 1889, the appellant, Bob Hines, was convicted in the District Court of Marion County, Texas, of the crime of murder, and his punishment was assessed at the death penalty, from which judgment and conviction the appellant perfected an appeal to the Court of Appeals, which then had jurisdiction of criminal cases.   Pending that appeal, Hines escaped from

the custody of the officer, and, upon that fact being brought to the attention of the Court of Appeals, the court dismissed the case, under article 880, Code of Criminal Procedure, which provides: "In case defendant, pending an appeal in a felony case, shall make his escape from custody, the jurisdiction of the Court of Criminal Appeals shall no longer attach in the case." Hines never returned to the custody of the officer after he broke jail, but was captured some time in the spring of 1902,—the exact day not being shown by the record in this case,—and thereafter, at the next regular term of the District Court of Marion County, the appellant was brought before the District Court of that county for the purpose of having sentence passed upon him in accordance with the verdict and judgment rendered against him on the 29th day of June, 1889; and, when asked if he had any reason to give why the sentence should not be pronounced upon him, he filed and presented to the court a motion for a new trial and arrest of judgment, the various grounds of which will be hereafter specifically considered. The trial court then proceeded to hear evidence upon the motion and pass upon the merits of same, and thereupon overruled the motion, and proceeded to sentence the appellant in accordance with the verdict and judgment of conviction, and from that action of the court the appellant is seeking to prosecute his appeal to this court.

At a former day of this court a motion was made by the State to dismiss this case for want of jurisdiction in this court to hear and determine the same, but, as the record came to us the last day of the term at Austin, and as we did not care to pass upon such an important question with such little consideration, we overruled the motion to dismiss, and transferred the case to Tyler, where it was set down for submission. This being a jurisdictional question, we, of course, have a right to pass upon it at any stage of the proceeding, and after mature consideration we have reached the conclusion that this court has no jurisdiction of the case. The appellant contends that under article 839, subdivision 3 thereof, he had the right at any time to file his motion for a new trial or motion in arrest of judgment, where such motion had not previously been made, and contends that he has the right to appeal from the action of the court in overruling such motion, and that this case comes under that section of the statute. The subdivision in question reads as follows: "Where there has not been a motion for a new trial or a motion in arrest of judgment made, the defendant may answer that he has good grounds for either or both of these motions, and either or both motions may be immediately entered, and disposed of, although more than two days may have elapsed since the rendition of the verdict." We are not called upon nor do we pass upon that subdivision as to whether or not a defendant would be confined to the term of court at which the verdict was rendered to make either of the motions spoken of in the subdivision, as contended for by the Assistant Attorney-General, as it is not necessary to a decision of this case to pass upon such question. The record in this case is silent upon the question as to whether or not a motion in

arrest of judgment has been made by the appellant prior to the filing of the motion which he is seeking to appeal from but the record does show that a motion for a new trial was filed and overruled at the same term at which the conviction was had. As to what was contained in this motion for a new trial, the record is silent. We might well dispose of the entire case upon the ground alone that the burden was upon the appellant to bring his motion under the statute the benefits of which he is claiming, and he did not do so. But we have decided, in view of the novel and important questions raised in the case, to pass upon the entire matter, and state our views upon the different questions involved. As stated, however, we are of the opinion that, in order for a defendant to bring himself within the terms of subdivision 3 of article 839, he must allege and prove that he had not previously filed a motion for a new trial or a motion in arrest of judgment, either or both, as the case may be. This was not shown either by allegation or proof in so far as the motion in arrest of judgment is concerned.

Upon the principal question, however,—as to whether or not we have jurisdiction in this case,—we desire to call attention to the statutory provision upon that subject. Under our statute the defendant has the right to appeal to the Court of Criminal Appeals in all felony cases. Under article 880 of the Code of Criminal Procedure, a portion of which is quoted above, it is provided that, "upon the fact of such escape being made to appear the court shall, on motion of the Attorney-General or attorney representing the State, dismiss the appeal; but the order dismissing the appeal shall be set aside if it shall be made to appear that the accused had voluntarily returned to the custody of the officer from whom he escaped within ten days." As will be noted from this portion of the statute, as well as that quoted above, the jurisdiction of the Court of Criminal Appeals ceases to attach when it is brought to the attention of that court that the defendant escaped from custody pending the appeal; and under the statute there is no way to reinstate the appeal, except upon its being shown that the defendant voluntarily returns to the custody of the officer within ten days after such escape; in other words, the jurisdiction of the court is ousted for all time, except under the conditions imposed therein, and there can be no jurisdiction in this court to hear or determine any matter connected with that conviction. To construe the statute otherwise would terminate in endless confusion; for suppose that a party, although he had previously filed his motion for a new trial or arrest of judgment, as the case might be, and should, when the sentence was about to be pronounced against him, make another motion, and claim that he had never filed a motion before, and make an issue of fact upon that, then appeal if the court overruled him; or take this very case: Suppose we should hold that appellant had the right to appeal, but the case should be affirmed on its merits, and should go back, and the trial court should proceed to sentence him in accordance with the conviction and judgment of affirm-

Vol. 44 Crim. Rep.—21.

ance of this court, and the defendant should undertake to appeal from the action of the court in that matter, and thus ad infinitum. As stated, we do not believe any such unreasonable construction can be placed upon our statute, and we therefore are of the opinion that only one appeal can be made from a verdict and judgment of conviction in any case; and, as we have seen, the appellant has had one appeal from the conviction in this case, and, by reason of his escape from custody pending that appeal, the jurisdiction of this court was ousted thirteen years ago, and it can not attach again. But even if we should hold that this court has jurisdiction of the matter, then the plaintiff's motion is without merit, because it is a question that would have to be raised in limine, and this was not done, but was raised for the first time, so far as the record discloses, in a motion in arrest of judgment. Again, the evidence upon the motion wholly fails to show that the negro race was discriminated against in Marion County in the selection of grand and petit juries, as contended for by appellant.

We therefore hold that we have no jurisdiction of this appeal, and the same is hereby dismissed, and the court below is instructed to pass the proper sentence upon the appellant in accordance with the previous conviction.

*Appeal dismissed.*

[Appellant's motion for rehearing overruled without a written opinion.—Reporter.]