## Jim Bird v. The State.

### No. 3001.    Decided May 3, 1905.

**1.—Burglary—New Trial—Motion in Bar of Sentence.**

Where a defendant who was convicted of burglary, and had not filed a motion for new trial or in arrest of judgment within two days mentioned in the statute, but who interposed his motion for new trial under article 839, Code Criminal Procedure, some time after his conviction, in bar of the sentence of the court, the accused not having been able to secure counsel before. Held, it was error not to consider his motion, distinguishing Darter v. State, 5 Texas Ct. Rep., 607; Hines v. State, 44 Texas Crim. Rep., 319.

**2.—Same—Principals—Charge of Court—Keeping Watch.**

Where the evidence showed, in a trial for burglary, that the defendant was not present at all and had not participated in the burglary, and that his only connection therewith was as receiver of the stolen property, it was error to charge the law of principals and the law with regard to keeping watch.

**3.—Same—Charge of Court—Alibi.**

Where in a prosecution for burglary the defendant interposed the defense of an alibi by his own testimony and that of his witnesses, it was error not to charge clearly the law on that phase of the case.

Appeal from the Criminal District Court of Harris. Tried below before Hon. J. K. P. Gillaspie.

Appeal from a conviction of burglary; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Reynolds & Barkley* and *E. T. Branch,* for appellant.—Appellant was convicted of burglary, and his punishment assessed at a term of three years in the penitentiary. The verdict of guilty was rendered on the 10th day of March, 1905, and on the 31st day of the same month, the appellant was brought into court for the purpose of being sentenced, and upon being asked by the court if he had anything to say why

sentence should not be pronounced against him, he answered that he had not previously filed a motion for a new trial, nor a motion in arrest of judgment, and that he had good grounds for a new trial, which he asked leave of the court to file, and asked the court to consider the same.

The motion for new trial was then handed to the court, who after examining the same, refused to permit it to be filed, for the reason that the same did not show any reason why appellant waited three weeks after his conviction to file the same, and the court did not pass upon the motion. The motion for new trial also set up, under oath, the above facts, and reasons, and in addition thereto, appellant's attorney filed a written motion to file same, under oath, setting up his employment in the case more than two days after conviction.

The above facts are all shown by the bill of exceptions, which sets out the proposed motion in full.

Appellant brought himself completely within the provisions of section 3, of article 839 of the Code of Criminal Procedure, which provides:

"Where there has not been a motion for new trial, or motion in arrest of judgment made, the defendant may answer that he has good grounds for either or both of these motions, and either or both motions may be immediately entered and disposed of, although more than two days have elapsed since the rendition of the verdict."

This article was considered by this court in the case of Bob Hines v. State, 70 S. W. Rep., 955, and it was there contended by the Assistant Attorney-General that the appellant would be confined to the same term of court at which he was convicted. The point was not determined, but even if it should be so held, appellant was in time.

The effect of the court's action was to deprive appellant of the right to have his appeal decided, if it should be upheld, as his motion for new trial contained his exceptions to the court's charge.

The situation is analogous to the appellant being deprived of a statement of facts, without his fault, and will be reversed for the failure of the court to permit the said motion to be filed, and disposed of.

If it were necessary to consider the grounds of the said motion, to determine whether or not the error was calculated to injure appellant, it will be seen, as the court should have seen, upon examination of the same that several grounds are well taken.

Exception was reserved to the court's charge upon alibi. The statement of facts shows that that issue was raised by the evidence, and the court attempted to charge upon that issue as follows:

"If the defendant Bird, was not present when and where the box car was broken and entered, if you find it was so broken and entered, then find him not guilty."

The objection was that it fails to apply the doctrine of reasonable doubt to the proof of alibi, that being the only defense offered by appellant, and that the charge requires the jury to believe the proof of alibi before they could acquit, and the motion proceeds, "we respectfully call your

Honor's attention to Bennett's case in the 17 S. W. Rep., 545." Inspection of that case shows it to be in point. And see Crook v. State, 27 Texas Crim. App., 198.

The court charged that appellant would be guilty as a principal if he kept watch so as to prevent the interruption of those actually guilty.

There was no evidence that appellant kept watch, and the charge was not applicable to the evidence. See Tittle v. State, 35 Texas Crim. Rep., 96. Massey v. State, 29 Texas Crim. App., 159; Conn v. State, 11 Texas Crim. App., 390.

Because the court erred in refusing to permit appellant to file his motion for a new trial, the case should be reversed and remanded.

*Howard Martin,* Assistant Attorney-General for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary. When the court called him up for sentence, he interposed a motion for new trial, under article 839, Code Criminal Procedure. This motion was not filed within the two days mentioned in the statute; in fact he had not filed a motion for new trial or motion in arrest of judgment. This occurred some days after his conviction, and he asked to be heard on the motion for new trial, and for its disposition, in bar of the sentence. Appellant was not defended by an attorney and was unable to secure counsel to assist him, until about thirteen days after the trial. The motion for new trial sets up various grounds why it should have been granted, mainly criticising the charge of the court. We believe the motion should have been heard by the court. This case does not come within the rule laid down in Darter's case, 5 Texas Ct. Rep., 607, nor Hines v. State, 44 Texas Crim. Rep., 319. In the Darter case appellant undertook to file his motion for new trial at a term of the court subsequent to his conviction, and after his re-arrest, he having escaped custody the night following his conviction. In that case the record did not contain a statement of facts, and there was no criterion furnished this court by which it could ascertain there was merit in the grounds of the motion. In Hines' case, he invoked the appellate jurisdiction of this court, and pending the appeal escaped, and some fourteen years afterwards was arrested, and undertook, when called up to be sentenced, to interpose the bar provided for in article 839, supra. It was held in that case, that it was too late; he had invoked the appellate jurisdiction of this court, and could not thus secure a second appeal. In other words, in order to secure the benefit of article 839, supra, it must be done before an appeal has been taken. In this case, the motion was interposed at the same term of the court at which the conviction occurred, and before appeal. We believe that the court should have heard the motion, and that the grounds of said motion presented merit. Under the view we take of this question it now becomes the duty of this court to decide the grounds of the mo-

tion as they should have been legally decided by the trial court, inasmuch as the entire matter is before us.

As the record presents itself the case is one of circumstantial evidence. However, this question is not suggested in the motion for new trial for revision, nor was exception taken to the charge for this reason. We mention this simply that upon another trial, if the record is then as now, this phase of the law should be given.

The court charged the law of principals, and among other phases, with regard to keeping watch. There is no evidence that appellant kept watch. This is assigned as error in the motion for new trial. The exception is well taken. In fact, if the statement of witness Kessler is to be considered as evidence, appellant was not present at all and had no participancy in the burglary, and his only connection with it was as a receiver of stolen property. Kessler testified to the confessions of Williams and Crockett. These two parties stated that they broke the car but appellant was not present when it was done; that he subsequently employed a drayman to haul the goods from the place, where they secreted them to the merchant to whom they were subsequently sold. If we look at the case from the standpoint of these confessions, the State has no case of burglary against appellant, but simply the receiving of stolen property. Appellant's evidence was to the effect that he was not present. His witnesses were introduced for the purpose of proving an alibi. The court's charge upon another trial should give the law with reference to alibi fully; and the jury should be told in clear and affirmative language that unless the evidence shows beyond a reasonable doubt, that appellant participated in the burglary, actually or as a principal, being present aiding and abetting others, he should be acquitted; but the receiving of stolen property, after being taken from the car would not make him a principal in the burglary.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*