**Dismissed and Memorandum Opinion filed August 23, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00980-CR

## EX PARTE WOODROW MILLER

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 876249**

## M E M O R A N D U M   O P I N I O N

Appellant Woodrow Miller appeals the trial court's failure to rule on his sixth application for writ of habeas corpus filed on March 15, 2006, and his supplemental application for habeas corpus filed on October 3, 2008. Appellant raises eight issues on appeal.

We dismiss the appeal because the trial court did eventually rule on and dismiss the sixth application, and we affirmed that dismissal on December 22, 2015. In addition, appellant did not mention in his notice of appeal the trial court's failure to rule on his October 3, 2008 supplemental application.

## BACKGROUND

Appellant pled nolo contendre to the offense of indecency with a child. In accordance with a plea bargain, appellant was placed on seven years deferred adjudication probation and community supervision by order signed on May 20, 2002. On October 17, 2008, appellant's guilt was adjudicated, and he was sentenced to four years in prison. The procedural history of this case prior to the present appeal is summarized in the opinion issued by this Court resolving his sixth application for writ of habeas corpus. *See Ex parte Miller*, No. 14–14–00862–CR, 2015 WL 9311559, at *1–2 (Tex. App.—Houston [14th Dist.] Dec. 22, 2015, pet. ref'd) (mem. op., not designated for publication).

Appellant's sixth application[1] for writ of habeas corpus under Article 11.072 was filed on March 15, 2006. For reasons not disclosed in the record, the application was not processed before the adjudication of guilt and the dismissals of appellant's fourth and fifth applications. On January 9, 2014, the trial court denied appellant's sixth application by writing the words "application denied" on the first page of the application. Appellant filed a notice of appeal on January 15, 2014 (the "first appeal"), which is the subject of this opinion. The trial court subsequently withdrew the denial on February 3, 2014, by writing the words "denial withdrawn" on the first page of the application. Appellant did not withdraw his first notice of appeal, however.

Appellant's sixth application was eventually dismissed on October 9, 2014. The trial court dismissed the sixth application as frivolous because the merits of appellant's challenges to the deferred-adjudication order had already been reviewed. On October 15, 2014, appellant filed a notice of appeal of the October 9

---

[1] Although we refer to the application at issue in this appeal as appellant's sixth application, chronologically it would have been appellant's third application for writ of habeas corpus.

dismissal order to this Court (the "second appeal"). We disposed of this second appeal by affirming the order as modified in an opinion issued December 22, 2015.[2] *Miller*, 2015 WL 9311559, at *5.

Following our affirmance of the October 9 dismissal order in the second appeal, appellant still did not withdraw his first appeal. Instead, he submitted a brief in the first appeal arguing that the trial court erred in not ruling on his March 15, 2006 sixth application or his October 3, 2008 supplemental application. We dismiss this appeal for want of jurisdiction for the reasons discussed below.

## ANALYSIS

### I.     This Court previously ruled on the trial court's order denying appellant's March 15, 2006 application for writ of habeas corpus.

After examining the appellate record for this appeal as well as the record for his previous appeal of the October 9, 2014 order, we conclude the present appeal must be dismissed for want of jurisdiction.[3] Appellant states in his brief that he "appeals the trial court's refusal to rule on [his] . . . application for writ of habeas

---

[2] This Court held that the trial court mistakenly referred to cause number "0876249-A" (appellant's first application) in the body of the order, but intended to refer to cause number "0876249-F" (appellant's sixth application). We therefore modified the order and affirmed the order as modified.

[3] Neither party provided this Court the clerk's record containing appellant's March 15, 2006 sixth application for writ of habeas corpus, the trial court's October 9, 2014 order denying Mitchell's sixth application, or appellant's October 15, 2014 notice of appeal. The record in this case indicates, however, that the trial court considered appellant's sixth application and subsequently issued a written order, which appellant appealed. On the record before us on this appeal, we conclude that the trial court took judicial notice of the record when it considered appellant's sixth application. The clerk's record is contained in this Court's files in Cause No. 14–14–00862–CR, Mitchell's previous appeal of the trial court's October 9, 2014 order. That appeal is a related proceeding involving the same parties as applicant's appeal today. Under these particular circumstances, on our own motion, we take judicial notice of the clerk's record in that appeal. *Ex Parte Okonkwo*, No. 14–14–00835–CR, 2015 WL 5092433, at *1 (Tex. App.—Houston [14th Dist.] Aug. 27, 2015, pet. ref'd) (mem. op., not designated for publication).

corpus filed on March 15, 2006" (his sixth application).  In the opinion this Court issued on December 22, 2015, we held that the trial court "did not abuse its discretion when it dismissed appellant's sixth application for writ of habeas corpus" on October 9, 2014.  *Miller*, 2015 WL 9311559, at *5.  Our judgment of December 22, 2015 is final.  Accordingly, we do not have jurisdiction to consider another appeal from the trial court's denial of appellant's sixth application for writ of habeas corpus.  *See Parrett v. State*, No. 03–14–00273–CR, 2014 WL 2521954, at *1 (Tex. App.—Austin May 30, 2014, no pet.) (mem. op., not designated for publication) (citing *Hines v. State*, 70 S.W. 955 (Tex. Crim. App. 1903)); *see also McDonald v. State*, 401 S.W.3d 360, 362–63 (Tex. App.—Amarillo 2013, pet. ref'd) (dismissing for want of jurisdiction subsequent appeal of conviction that had previously been affirmed).

Furthermore, we do not address appellant's arguments regarding the trial court's failure to rule on his October 3, 2008 supplemental application because his notice of appeal does not mention that application.  *See* Tex. R. App. P. 25.2(b) (requiring defendant to file notice of appeal to perfect appeal).[4]  Although we liberally construe rules related to the perfection of an appeal, *Few v. State*, 230 S.W.3d 184, 190 (Tex. Crim. App. 2007), appellant's notice of appeal must show which judgment or appealable order he wishes to appeal.  Tex. R. App. P. 25.2(c)(2).  Because his notice of appeal mentions only the sixth application filed on March 15, 2006, our appellate review is limited to that application.

As our review is limited to appellant's sixth application, the denial of which has already been affirmed by this Court, we dismiss appellant's appeal for want of

---

[4] Appellant filed the supplemental article 11.072 application on October 3, 2008, but the trial court did not rule on the application.  Although on appeal appellant describes the document as a "supplemental article 11.072 application," the document is entitled, "application for writ of habeas corpus for bond" and requests the trial court release him on personal recognizance or on a bond in a nominal amount.

jurisdiction.

## CONCLUSION

We order the appeal dismissed.


/s/     J. Brett Busby
Justice


Panel consists of Justices Busby, Donovan, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).

5