

# NUMBER 13-18-00242-CR

# COURT OF APPEALS

# THIRTEEN TH DISTRICT OF TEXAS

# CORPUS CHRISTI–EDINBURG

LAWRENCE BENNY BROWN JR.,                                              Appellant,

v.

THE STATE OF TEXAS,                                                           Appellee.

On appeal from the 24th District Court
of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellant Lawrence Benny Brown Jr. seeks to appeal the trial court's denial of his

post-conviction motion under Chapter 64 of the Texas Code of Criminal Procedure.   *See*

TEX. CRIM. PROC. CODE ANN. art. 64.01.   We affirm.

## I. PROCEDURAL BACKGROUND

On June 9, 2010, Brown pleaded guilty without a plea agreement to one count of possession with intent to deliver a controlled substance, a first-degree felony, and he was sentenced to life imprisonment. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d); TEX. PENAL CODE ANN. § 12.32. Brown appealed the judgment, arguing that the evidence was legally and factually insufficient to support a conviction and that the trial court's sentencing exceeded the statutory range. *See Brown v. State*, No. 13-11-00595-CR, 2012 WL 3594228, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 21, 2012, pet. ref'd) (mem. op., not designated for publication). We affirmed the trial court's judgment. *Id.*

On March 26, 2018, Brown filed a post-conviction motion under Chapter 64 of the Texas Code of Criminal Procedure. *See* TEX. CRIM. PROC. CODE ANN. art. 64.01 (providing for the procedure to obtain post-conviction DNA testing); *see also Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010) (discussing appellate procedure under Chapter 64). The trial court denied Brown's motion on April 18, 2018, and thereafter, signed a certification of Brown's right to appeal.

## II. CHAPTER 64 MOTION

Brown makes no mention of the Chapter 64 motion in his brief.[1] To the extent that Brown's complaint on appeal included the trial court's denial of his Chapter 64 motion, we conclude that the issue is inadequately briefed, and Brown has waived the argument on appeal. *See* TEX. R. APP. P. 38.1(i); *Wolfe v. State*, 509 S.W.3d 325, 342 (Tex. Crim.

---

[1] In his brief, Brown exclusively argues that his life sentence amounts to cruel and unusual punishment. This Court, having already finally resolved a direct appeal of the aforementioned trial court cause and sentence, is without jurisdiction to address Brown's conviction-based claim again. *See Hines v. State*, 70 S.W. 955, 957 (Tex. Crim. App. 1903) ("[O]nly one appeal can be made from a verdict and judgment of conviction in any case."); *McDonald v. State*, 401 S.W.3d 360, 363 (Tex. App.—Amarillo 2013, pet. ref'd) (dismissing a defendant's subsequent appeal of conviction that had previously been affirmed for want of jurisdiction); *Linton v. State*, No. 01-19-00138-CR, 2019 WL 1716001, at *1 (Tex. App.—Houston [1st Dist.] Apr. 18, 2019, no pet.) (mem. op., not designated for publication) (same).

App. 2017) ("[A]n appellate court has no 'obligation to construct and compose [an] appellant's issues, facts, and arguments with appropriate citations to authorities and to the record.'" (quoting *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008))).   We overrule Brown's sole issue on appeal.

### III. CONCLUSION

We affirm the trial court's denial of Brown's Chapter 64 motion.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of August, 2019.