

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00146-CR

———————————————

WALLACE WAYNE BOWMAN JR., Appellant

V.

THE STATE OF TEXAS

On Appeal from the 97th District Court
Montague County, Texas
Trial Court No. 2008-0000143M-CR

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

Appellant Wallace Wayne Bowman Jr.'s appeal may be construed as either a collateral attack on his conviction or as an appeal of an unappealable order. In either event, we lack jurisdiction, and we therefore dismiss the appeal.

In 2010, Bowman pleaded guilty to capital murder and was sentenced to life imprisonment. When he attempted to appeal in 2013, we held that we lacked jurisdiction because his appeal came three years too late. *Bowman v. State*, Nos. 02-13-00374-CR, 02-13-00375-CR, 2013 WL 4679986, at \*1 (Tex. App.—Fort Worth Aug. 29, 2013, no pet.) (per curiam) (mem. op., not designated for publication).

In June 2020, Bowman filed in the trial court a pro se "Motion to Call into Question Trial Court's Jurisdiction with Incorporated Memorandum." Therein, Bowman asserted that some sort of fraud had been perpetrated against the court ten years prior and that, therefore, the trial court lacked jurisdiction to convict him. Bowman did not say exactly what that fraud might have been, but he quoted Fifth Circuit caselaw explaining that fraud against the court is typified by "the most egregious misconduct, such as bribery of a judge or members of a jury." *First Nat'l Bank of Louisville v. Lustig*, 96 F.3d 1554, 1573 (5th Cir. 1996) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)).

On August 25, 2020, the trial court denied the motion in an order explaining that its plenary power had long since expired.

On September 9, 2020, Bowman appealed. In his notice of appeal, Bowman disclaimed any intent to appeal his conviction or the validity of his plea bargain. Instead, he maintained that he was solely appealing the trial court's recent denial of his motion contesting jurisdiction.

On October 19, 2020, we notified Bowman of our concern that we lacked jurisdiction. We explained that unless he or any other party filed a response showing grounds for continuing the appeal, it may be dismissed for want of jurisdiction. *See* Tex. R. App. P. 44.3.

In his response, Bowman argued that his appeal was viable because his motion had challenged jurisdiction, which may be raised at any time. As Bowman observes, *Marin v. State* recognized that jurisdictional requirements are absolute and nonwaivable, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), and that any violation of such a requirement may "be raised for the first time on appeal." *Id.* at 280. According to Bowman, *Marin* allows a defendant to appeal the trial court's jurisdiction at any time.

Not so. *Marin* held that a complaint concerning lack of jurisdiction is excused from error preservation. It did not exempt such a complaint from the requisites of appellate jurisdiction: "*any party entitled to appeal* is authorized to complain that an absolute requirement or prohibition was violated, and the merits of his complaint on appeal are not affected by the existence of a waiver or a forfeiture at trial." *Id.* (emphasis added).

3

Thus, while it is said that "a challenge to a court's jurisdiction may be raised at any time," such a challenge must still "be brought to a court through an appropriate vehicle." *In re V.T.*, 479 S.W.3d 517, 518–19 (Tex. App.—Amarillo 2015, no pet.). "Even a challenge to the authority of a trial court that may be raised at any time must be made to a court with jurisdiction to hear the complaint." *Currie v. State*, No. 09-06-225-CR, 2006 WL 2506419, at *1 (Tex. App.—Beaumont Aug. 30, 2006, no pet.) (mem. op., not designated for publication). For instance, in *Carter v. State*, the defendant was convicted in 1990, and in 2004, he attempted to challenge the trial court's jurisdiction to convict him years before. No. 07-04-0076-CR, 2004 WL 1064167, at *1 (Tex. App.—Amarillo May 12, 2004, pet. ref'd) (mem. op., not designated for publication). The court held that because the appeal was untimely, it lacked jurisdiction to address the merits and could take no action other than to dismiss the appeal. *See id.* (citing *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam), and *Olivo v. State*, 918 S.W.2d 519, 523–25 (Tex. Crim. App. 1996)).

We reach a similar conclusion here. Bowman has disavowed any intent to appeal his 2010 conviction,[1] but nonetheless, the substance of his argument is that his

---

[1]Nor could he appeal his conviction at this juncture, ten years after the notice of appeal was due, *see* Tex. R. App. P. 26.2(a), and after we affirmed that judgment in a prior appeal, for "only one appeal can be made from a verdict and judgment of conviction in any case." *Hines v. State*, 70 S.W. 955, 957 (Tex. Crim. App. 1902); *Arabzadegan v. State*, No. 03-19-00728-CR, 2020 WL 370880, at *1 (Tex. App.—Austin Jan. 23, 2020, pet. ref'd) (mem. op., not designated for publication).

conviction is void for want of jurisdiction. To the extent that Bowman's appeal is a challenge to the validity of the final judgment, it is a collateral attack, and this court generally lacks jurisdiction over collateral attacks on final felony convictions. *Darby v. State*, No. 02-19-00409-CR, 2020 WL 241969, at *1 (Tex. App.—Fort Worth Jan. 16, 2020, no pet.) (per curiam) (mem. op., not designated for publication); *see Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding). In *Decker v. State*, for example, the defendant attempted in 2019 to challenge his 1994 conviction, arguing that the conviction was void for an alleged judicial fraud, much like Bowman argues here. No. 02-20-00088-CR, 2020 WL 4248680, at *1 (Tex. App.—Fort Worth July 23, 2020, pet. filed) (per curiam) (mem. op., not designated for publication). We held that Decker's appeal was an attempt to collaterally attack the 1994 conviction and that we therefore lacked jurisdiction. *Id.* Thus, insofar as Bowman's appeal is a collateral attack, this court lacks jurisdiction to consider it.

But even assuming that Bowman had adhered to his disclaimer of intent to challenge his 2010 conviction, this court would still lack jurisdiction. To the extent that Bowman's appeal may be construed as an attempt to appeal the outcome of a motion unrelated to his 2010 conviction, he has attempted to appeal an unappealable order. *Cf. Wright v. State*, 969 S.W.2d 588, 589–90 (Tex. App.—Dallas 1998, no pet.) (cataloging

---

Rather than prosecuting a successive, untimely appeal, Bowman would have to raise any jurisdictional errors by way of habeas corpus. *See McCain v. State*, 67 S.W.3d 204, 207 (Tex. Crim. App. 2002) (explaining that jurisdictional errors may be raised by writ of habeas corpus).

appealable orders). We do not have jurisdiction to review a trial court's orders unless that jurisdiction has been expressly granted by law. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). The order from which Bowman attempts to appeal is not a final judgment of conviction, nor is it a nonfinal order that has been made appealable to this court. *See Carter*, 2004 WL 1064167, at *1. Thus, insofar as Bowman's appeal is not a collateral attack, this court lacks jurisdiction regardless.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 17, 2020