# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO.  03-21-00079-CR

**Jose DeJesus Guel-Rivas, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 27TH DISTRICT COURT OF BELL COUNTY
### NO. 58060, THE HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On November 20, 2006, in trial-court cause number 58060, a jury found appellant Jose DeJesus Guel-Rivas guilty of aggravated sexual assault of a child, *see* Tex. Penal Code § 22.021(a)(1)(B), (2)(B), and the trial court sentenced appellant to serve ninety years in the Texas Department of Criminal Justice, *see* Tex. Code Crim. Proc. art. 37.07(2)(b); Tex. Penal Code § 12.32.  On direct appeal, this Court affirmed appellant's conviction.  *See Guel-Rivas v. State*, No. 03-06-00762-CR, 2007 WL 4208341, at *4 (Tex. App.—Austin Nov. 30, 2007, pet. ref'd) (mem. op., not designated for publication).  The mandate affirming the trial court's judgment of conviction was issued July 21, 2008.[1]

---

[1] Appellant subsequently filed an application for postconviction writ of habeas corpus, *see* Tex. Code Crim Proc. art. 11.07, § 1, which the Court of Criminal Appeals denied.  *See* website of Court of Criminal Appeals, https://search.txcourts.gov/Case.aspx?cn=WR-72,069-01&coa=coscca.

On February 22, 2021, this Court received appellant's *pro se* notice of appeal seeking to appeal the judgment of conviction entered against him in trial-court cause number 58060. Appellant has already appealed his conviction for aggravated sexual assault of a child, and mandate has issued. He is not entitled to a second appeal of this conviction. *See Hines v. State*, 70 S.W. 955, 957 (Tex. Crim. App. 1902) ("[O]nly one appeal can be made from a verdict and judgment of conviction in any case."). Therefore, this Court lacks jurisdiction to consider a second appeal from appellant's final conviction. *See McDonald v. State*, 401 S.W.3d 360, 361–62 (Tex. App.—Amarillo 2013, pet. ref'd) (concluding that court was without jurisdiction to entertain repeated attempts to appeal when defendant had already received appellate review of his conviction).

Accordingly, we dismiss this appeal for want of jurisdiction.[2] *See* Tex. R. App. P. 43.2(f); *see, e.g.*, *Wiggins v. State*, No. 03-20-00401-CR, 2020 WL 5884121, at *1 (Tex. App.—Austin Sept. 29, 2020, pet. ref'd) (mem. op., not designated for publication) (dismissing for want of jurisdiction defendant's subsequent appeal of conviction that had previously been affirmed); *Arabzadegan v. State*, No. 03-19-00728-CR, 2020 WL 370880, at *1 (Tex. App.—Austin Jan. 23, 2020, pet. ref'd) (mem. op., not designated for publication) (same).

---

[2] In connection with this attempted second appeal, appellant has filed several motions in this Court. All pending motions are dismissed as moot.

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Baker and Smith

Dismissed for Want of Jurisdiction

Filed:   March 30, 2021

Do Not Publish