**Opinion issued May 6, 2021**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-21-00096-CR

————————————

**LINDA LIZETTE LERMA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 461st District Court**
**Brazoria County, Texas**
**Trial Court Case No. 82180-CR**

---

## MEMORANDUM OPINION

On October 17, 2018, a jury found appellant, Linda Lizette Lerma, guilty of the felony offense of murder. The jury sentenced appellant to forty years' confinement in the Texas Department of Criminal Justice. Our Court affirmed appellant's conviction on direct appeal. *See Lerma v. State*, No. 01-18-00999-CR,

2019 WL 5996380, at *1 (Tex. App.— Houston [1st Dist.] Nov. 14, 2019, no pet.) (mem. op, not designated for publication). The mandate issued on January 24, 2020.

On February 1, 2021, appellant filed a pro se notice of appeal seeking a second appeal from her final 2018 conviction. The notice of appeal is untimely, but more fundamentally we lack jurisdiction to consider a second appeal of appellant's final conviction. *See Hines v. State*, 70 S.W. 955, 957 (Tex. Crim. App. 1902) ("[O]nly one appeal can be made from a verdict and judgment of conviction in any case."). The exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 11.07, § 5 (providing that "[a]fter conviction, the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner"); *see Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991).

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f); *see, e.g., Hosea v. State*, No. 01-11-01050-CR, 2012 WL 2345351, *1 (Tex. App.—Houston [1st Dist.] June 21, 2012, no pet.) (mem. op., not designated for publication) (dismissing for want of jurisdiction defendant's subsequent appeal of conviction that had previously been affirmed); *Arabzadegan v. State*, No. 03-19-00728-CR, 2020 WL 370880, at *1 (Tex. App.—Austin Jan. 23, 2020, pet. ref'd) (mem. op., not designated for publication) (same); *McDonald v. State*, 401 S.W.3d

360, 361–63 (Tex. App.—Amarillo 2013, pet. ref'd) (same). Any pending motions are dismissed as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Goodman and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).