# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00051-CR

**Richard Lynn Waggoner, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT OF IRION COUNTY
### NO. CR19-3982, THE HONORABLE MOLLY CRINER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Richard Lynn Waggoner of the Class C misdemeanor offense of driving while license invalid, *see* Tex. Transp. Code § 521.457(a), and the trial court assessed punishment at a $300 fine. Waggoner appealed his conviction to this Court. Pursuant to a docket-equalization transfer order by the Texas Supreme Court, *see* Tex. Gov't Code § 73.001, the appeal was transferred to the First District Court of Appeals, which affirmed Waggoner's conviction. *See Waggoner v. State*, No. 01-20-00074-CR, 2021 WL 5828936, at *5 (Tex. App.—Houston [1st Dist.] Dec. 9, 2021, no pet. h.) (mem. op., not designated for publication).

At some point in January 2022, Waggoner, proceeding pro se, filed in this Court what he captioned a "notice of appeal" from the "appealable order by [the] trial court signed on December 9, 2021," which was the date his conviction was affirmed, and a motion for extension

of time to file his notice of appeal.[1]  Waggoner's notice appears to be, in substance, a second attempt to appeal his conviction.  However, "only one appeal can be made from a verdict and judgment of conviction in any case," *Hines v. State*, 70 S.W. 955, 957 (Tex. Crim. App. 1902); *McDonald v. State*, 401 S.W.3d 360, 361–63 (Tex. App.—Amarillo 2013, pet. ref'd), and this Court lacks jurisdiction to review the opinion and judgment of the First District Court of Appeals.  Accordingly, we dismiss this appeal for want of jurisdiction.[2]  We dismiss Waggoner's motion for extension of time as moot.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Filed:  February 11, 2022

Do Not Publish

---

[1]  The exact date when Waggoner mailed his notice is unclear from his filing.  In his certificate of service, Waggoner claims to have mailed it to this Court on January 3 and January 14, 2022, but it was notarized on January 24, 2022, the trial court received it on January 27, 2022, and this Court filed it on January 28, 2022.  The motion for extension of time was received by this Court on January 25, 2022, and filed on January 28, 2022.

[2]  To the extent that Waggoner may be attempting to challenge the judgment affirming his conviction, the appropriate procedure would be to file a petition for discretionary review with the Court of Criminal Appeals.  *See* Tex. R. App. P. 68.1.  To the extent that any such petition would be untimely at this point, *see* Tex. R. App. P. 68.2, Waggoner may file with the trial court an application for writ of habeas corpus seeking an out-of-time petition for discretionary review. *See Ex parte Valdez*, 489 S.W.3d 462, 465–66 (Tex. Crim. App. 2016).

2