# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
NO. 03-22-00750-CR
NO. 03-22-00751-CR
---

**John Paul Desmarais, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 27TH DISTRICT COURT OF BELL COUNTY**
**NOS. 78134 & 81558, THE HONORABLE JAMES L. REX, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant John Paul Desmarais, an inmate in the Texas Department of Criminal Justice, has filed two pro se documents seeking permission to appeal his convictions for retaliation and "obstruction or retaliation" in cause numbers 78134 and 81558, respectively, which the district clerk forwarded to this Court as notices of appeal.[1]  *See* Tex. Penal Code § 36.06(c).

---

[1]  Although Desmarais asserts in the pleadings that we "have the authority to file an 11.07 [application for writ of habeas corpus] on [his] behalf," it is clear from their substance that he is attempting to appeal directly the trial court's judgments of conviction.  *See Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (courts look to substance of pleading rather than its form or caption to determine its nature).  Regardless, even were we to construe the pleadings as original applications for writ of habeas corpus, we would lack jurisdiction.  *See Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.) ("The courts of appeals have no original habeas corpus jurisdiction in criminal matters; their jurisdiction is appellate only.").

Desmarais has already appealed both convictions, and mandate has issued. *See Desmarais v. State*, No. 03-21-00450-CR, 2021 WL 4465976, at \*1 (Tex. App.—Austin Sept. 30, 2021, pet. ref'd) (mem. op., not designated for publication) (dismissing appeal for want of jurisdiction because conviction was result of plea bargain, and trial court certified that appellant had no right to appeal); *Desmarais v. State*, No. 03-21-00451-CR, 2021 WL 4465991, at \*1 (Tex. App.—Austin Sept. 30, 2021, pet. ref'd) (mem. op., not designated for publication) (same). He is not entitled to a second appeal of either conviction, *see Hines v. State*, 70 S.W. 955, 957 (Tex. Crim. App. 1902) ("[O]nly one appeal can be made from a verdict and judgment of conviction in any case."), and this Court lacks jurisdiction to consider the present appeals, *see McDonald v. State*, 401 S.W.3d 360, 361–63 (Tex. App.—Amarillo 2013, pet. ref'd) (dismissing for want of jurisdiction defendant's subsequent appeal of conviction that had previously been affirmed); *Waggoner v. State*, No. 03-22-00051-CR, 2022 WL 425987, at \*1 (Tex. App.—Austin Feb. 11, 2022, no pet.) (mem. op., not designated for publication) (same). Accordingly, we dismiss the appeals for want of jurisdiction.

Desmarais also asks that we issue nunc pro tunc orders correcting alleged misinformation in presentence investigations (PSI) conducted in each case. We lack jurisdiction to do so. *See Williams v. State*, 603 S.W.3d 439, 442–43 (Tex. Crim. App. 2020) (explaining that nunc pro tunc orders "generally are reserved for actions taken outside a trial court's plenary power, requiring a trial court to rely on its inherent authority to make the record reflect what previously and actually occurred during its plenary power"); *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988) (observing purpose of nunc pro tunc order is to correct clerical error in trial court judgment).

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Dismissed for Want of Jurisdiction

Filed:   December 23, 2022

Do Not Publish