# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00197-CR

---

**Ronny Gene Smith, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 426TH DISTRICT COURT OF BELL COUNTY
### NO. 67,764, THE HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Ronny Gene Smith, an inmate in the Texas Department of Criminal Justice, has filed a pro se notice of appeal from his 2011 conviction for sexual assault in trial court cause number 67,764, accompanied by a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] *See* 28 U.S.C. § 2254; Tex. Penal Code § 22.011.

Smith has already appealed his conviction in cause number 67,764, and mandate has issued. *See Smith v. State*, No. 03-11-00427-CR, 2013 WL 363685, at \*6 (Tex. App.—Austin Jan. 15, 2013, pet. ref'd) (mem. op., designated for publication) (affirming judgment of

---

[1] The instructions for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 direct the applicant to file the petition with the clerk of the United States District Court, not the state court. *See* https://www.uscourts.gov/forms-rules/forms/petition-writ-habeas-corpus-under-28-usc-ss-2254 (last accessed Apr. 8, 2025). Insomuch as Smith intended to pursue relief under 28 U.S.C. § 2254, Texas courts of appeal "lack jurisdiction over any aspect of federal habeas-corpus proceedings." *Ex parte Allen*, No. 10-23-00241-CR, 2023 WL 5434493, at \*1 (Tex. App.—Waco Aug. 23, 2023, no pet.) (mem. op., not designated for publication).

conviction).  He is not entitled to a second appeal, *see Hines v. State*, 70 S.W. 955, 957 (Tex. Crim. App. 1902) ("[O]nly one appeal can be made from a verdict and judgment of conviction in any case."), and this Court lacks jurisdiction to consider the present appeal, *see Waggoner v. State*, No. 03-22-00051-CR, 2022 WL 425987, at *1 (Tex. App.—Austin Feb. 11, 2022, no pet.) (mem. op., not designated for publication) (dismissing for want of jurisdiction defendant's subsequent appeal of conviction that had previously been affirmed); *McDonald v. State*, 401 S.W.3d 360, 361–63 (Tex. App.—Amarillo 2013, pet. ref'd) (same).  Accordingly, we dismiss the appeal for want of jurisdiction.

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Theofanis, and Crump

Dismissed for Want of Jurisdiction

Filed:   April 16, 2025

Do Not Publish