**Opinion issued June 24, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00199-CR

## NO. 01-25-00200-CR

———————————

**JAMIE LYNNE MOSBY WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Case Nos. 05-DCR-042828 & 05-DCR-042888**

---

## MEMORANDUM OPINION

In 2007, appellant Jamie Lynne Mosby Williams was convicted of capital murder and serious bodily injury to a child by omission. Punishment for both offenses was assessed at life imprisonment. Appellant appealed both convictions, and our Court affirmed. *See Williams v. State*, 294 S.W.3d 674 (Tex. App.—Houston

[1st Dist.] 2009, pet. ref'd). The mandate affirming the trial court's judgments of conviction was issued on November 17, 2009.

On March 21, 2025, appellant filed a *pro se* notice of appeal seeking to once again appeal her convictions. We dismiss the appeals. Appellant has already appealed her convictions, and mandate has issued. She is not entitled to a second appeal of these convictions. *See Hines v. State*, 70 S.W. 955, 957 (Tex. Crim. App. 1902) ("[O]nly one appeal can be made from a verdict and judgment of conviction in any case.").

Even if appellant could seek a second appeal, the notice of appeal was untimely filed over seventeen years after her convictions. *See* TEX. R. APP. P 26.2(a)(1) ("notice of appeal must be filed . . . within 30 days after the sentence is imposed or suspended in open court"); TEX. R. APP. P. 26.2(a)(2) ("notice of appeal must be filed within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial."). This Court does not have jurisdiction to grant an out-of-time appeal; only the Court of Criminal Appeals has jurisdiction to grant an out-of-time appeal. *Coleman v. State*, No. 03-11-00648-CR, 2011 WL 6118604, at *1 (Tex. App.—Austin Dec. 8, 2011, no pet.) (mem. op., not designated for publication); *see* TEX. CODE CRIM. PROC. art. 11.07, § 5 (vesting complete jurisdiction over post-conviction relief from final felony convictions in Court of Criminal Appeals); *Fletcher v. State*, 214 S.W.3d 5, 6 (Tex. Crim. App.

2007) (recognizing well-settled law that appealed conviction is "a final conviction" when conviction is affirmed by appellate court and that court's mandate of affirmance becomes final); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (affirming that Court of Criminal Appeals is "the only court with jurisdiction in final post-conviction felony proceedings.").

This Court lacks jurisdiction to consider a second appeal from appellant's final convictions or to grant an out-of-time appeal. *See Coleman*, 2011 WL 6118604, at *1. Accordingly, we dismiss these appeals for want of jurisdiction. *See, e.g., McDonald v. State*, 401 S.W.3d 360, 361–63 (Tex. App.—Amarillo 2013, pet. ref'd) (dismissing for want of jurisdiction defendant's subsequent appeal of conviction that had previously been affirmed); *Bartee v. State*, No. 10-07-00150-CR, 2007 WL 1559219, at *1 & n.1 (Tex. App.—Waco May 30, 2007, no pet.) (mem. op., not designated for publication) (dismissing appeal for want of jurisdiction because intermediate appellate court did not have jurisdiction to grant out-of-time appeal).

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.

Do not publish.  TEX. R. APP. P. 47.2(b).